# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

_____

IN RE: GOOGLE LLC,

*Petitioner*.

_____

On Petition for Writ of Mandamus
from the United States Patent and Trademark Office,
Patent Trial and Appeal Board
in Nos. IPR2025-00487 and IPR2025-00488

_____

### DIRECTOR'S RESPONSE TO PETITION FOR WRIT OF MANDAMUS

_____

BRAD HINSHELWOOD
LAURA E. MYRON
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7228*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave. NW*
  *Washington, D.C. 20530*
  *(202) 514-4819*

NICHOLAS T. MATICH
  *Solicitor*
ROBERT J. McMANUS
  *Acting Deputy Solicitor*
PETER J. SAWERT
FAHD H. PATEL
  *Associate Solicitors*
  *Office of the Solicitor*
  *U.S. Patent and*
   *Trademark Office*

**TABLE OF CONTENTS**

INTRODUCTION.................................................................... 1

BACKGROUND .................................................................... 6

ARGUMENT ...................................................................... 10

    I.    Petitioner's Statutory Complaints Are Barred By
         35 U.S.C. § 314(d)................................................ 10

    II.   Petitioner's Separation-Of-Powers Claims Are
         Simply Meritless Statutory Claims. ................... 18

    III.  Petitioner Cannot Satisfy The Other Mandamus
         Factors.............................................................. 23

         A.    Petitioner Has Alternate Means of Relief. 23

         B.    Mandamus Relief Is Inappropriate Under
             the Circumstances..................................... 25

CONCLUSION.................................................................... 26

CERTIFICATE OF COMPLIANCE................................................ 1

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Apple Inc. v. Vidal,*
  63 F.4th 1 (Fed. Cir. 2023) ...................................................*passim*

*Barnhart v. Devine,*
  771 F.2d 1515 (D.C. Cir. 1985) ...................................................... 24

*Bryan v. McDonald,*
  615 F. App'x 681 (Fed. Cir. 2015) (unpublished) ......................... 24

*In re Cambridge Indus. USA Inc.,*
  2025 WL 3526129 (Fed. Cir. Dec. 9, 2025) .........................*passim*

*Celgene Corp. v. Peter,*
  931 F.3d 1342 (Fed. Cir. 2019)...................................................... 11

*Cheney v. U.S. Dist. Ct. for D.C.,*
  542 U.S. 367 (2004)................................................... 2, 18, 23, 25

*Cuozzo Speed Techs., LLC v. Lee,*
  579 U.S. 261 (2016) ...................................................*passim*

*Dabico Airport Solutions Inc. v. AXA Power ApS,*
  IPR2025-00408, 2025 WL 1710857
  (Acting Director Jun. 18, 2025) ............................................... 8, 9

*Dalton v. Specter,*
  511 U.S. 462 (1994)...............................................................19, 20

*In re Dominion Dealer Sols., LLC,*
  749 F.3d 1379 (Fed. Cir. 2014).................................................18, 23

*Fornaro v. James,*
  416 F.3d 63 (D.C. Cir. 2005)......................................................... 24

*General Plastic Indus. Co. v. Canon Kabushiki Kaisha,*
  No. IPR2016–01357, 2017 WL 3917706
  (P.T.A.B. Sept. 6, 2017) ................................................................ 7

*In re Google LLC,*
    No. 2025-144, 2025 WL 3096849
    (Fed. Cir. Nov. 6, 2025)......................................................*passim*

*Heckler v. Chaney,*
    470 U.S. 821 (1985)....................................................................21

*In re HighLevel, Inc.,*
    2025 WL 3527144 (Fed. Cir. Dec. 9, 2025) .......................1, 2, 3, 12

*In re Motorola Solutions, Inc.,*
    159 F.4th 30 (Fed. Cir. Nov. 6, 2025)...................................*passim*

*Mylan Lab'ys Ltd. v. Janssen Pharmaceutica, N.V.,*
    989 F.3d 1375 (Fed. Cir. 2021)..............................................*passim*

*In re Palo Alto Networks, Inc.,*
    44 F.4th 1369 (Fed. Cir. 2022).................................................. 23

*In re Sandisk Techs., Inc.,*
    2025 WL 3526507 (Fed. Cir. Dec. 9, 2025).........................*passim*

*In re SAP America, Inc.,*
    No. 2025-132, 2025 WL 3096788
    (Fed. Cir. Nov. 6, 2025)...................................................1, 2, 3, 12

*Thryv, Inc. v. Click-to-Call Technologies, LP,*
    590 U.S. 45 (2020)......................................................................11

*United States v. Arthrex, Inc.,*
    594 U.S. 1 (2021)................................................................ 20, 26

*Youngstown Sheet & Tube Co. v. Sawyer,*
    343 U.S. 579 (1952).................................................................. 20

## Statutes

5 U.S.C. § 701(a)(2)..............................................................20, 21

35 U.S.C. § 314.................................................................*passim*

35 U.S.C. § 315.................................................................6, 10

35 U.S.C. § 318.................................................................... 6

35 U.S.C. § 319.................................................................... 6

## Other Authorities

37 C.F.R. § 42.4(a) ............................................................ 6

# INTRODUCTION

"Given Congress committed institution decisions to the Director's discretion and protected that exercise of discretion from judicial review by making such determinations final and nonappealable, mandamus is ordinarily unavailable for review of institution decisions." *In re Motorola Solutions, Inc.*, 159 F.4th 30 (Fed. Cir. Nov. 6, 2025) (precedential) (cleaned up); *see also In re Cambridge Indus. USA Inc.*, 2025 WL 3526129, at *2 (Fed. Cir. Dec. 9, 2025); *In re HighLevel, Inc.*, 2025 WL 3527144, at *1 (Fed. Cir. Dec. 9, 2025), *In re Sandisk Techs., Inc.*, 2025 WL 3526507, at *1 (Fed. Cir. Dec. 9, 2025) (relying on *Cambridge*), *In re Google LLC*, No. 2025-144, 2025 WL 3096849, at *1 (Fed. Cir. Nov. 6, 2025), *In re SAP America, Inc.*, No. 2025-132, 2025 WL 3096788, at *2 (Fed. Cir. Nov. 6, 2025). The *only* circumstance in which this Court can review—on mandamus—the Director's decision to deny IPR institution is when there exist colorable claims that the Director exercised his discretion in an unconstitutional manner. *See Mylan Lab'ys Ltd. v. Janssen Pharmaceutica, N.V.*, 989 F.3d 1375, 1382 (Fed. Cir. 2021). And to obtain the "drastic and extraordinary" mandamus remedy, a petitioner must show that it has (1) a "clear and

indisputable" right to relief; (2) no "alternative avenues of relief"; and (3) that "the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 379-81 (2004) (quotation marks omitted).

This Court's decisions in *Motorola*, *Cambridge*, *HighLevel*, *Sandisk*, *Google*, and *SAP* rejecting similar mandamus petitions answer this Petition. As in those cases, here Petitioner seeks the extraordinary remedy of mandamus based on its dissatisfaction with the Acting Deputy Chief's application of institution criteria—described in agency guidance—to deny institution of its IPR petition.[1] Petitioner contends

---

[1] Deputy Director Coke Morgan Stewart was the Acting Director at the time of the challenged agency actions. Appx1. On September 22, 2025, John A. Squires was sworn in as the Director. *See* https://www.uspto.gov/about-us/news-updates/uspto-welcomes-new-director-john-squires (last visited, Nov. 19, 2025). Because Acting Director Stewart was recused from participation in this matter, the decisions at issue were made by then-Acting Deputy Chief Administrative Patent Judge Kalyan K. Deshpande (presently, Acting Chief Judge for the Patent Trial and Appeal Board) pursuant to a delegation from Acting Director Stewart. Appx1. This brief refers to Acting Director Stewart when describing her actions taken at the time she was Acting Director and Acting Deputy Chief Deshpande when describing relevant actions taken pursuant to Acting Director Stewart's delegation of authority in effect at that time.

that the Acting Deputy Chief's application of the institution criteria violates the America Invents Act (AIA), the Administrative Procedure Act (APA), and the Constitution. This Court has already denied nearly identical legal arguments in *Motorola*, *Google*, *SAP*, *Cambridge*, *HighLevel*, and *Sandisk* and should do the same here, as Petitioner's arguments do not approach the very high bar for mandamus relief.

To begin, much of Petitioner's argument is barred by 35 U.S.C. § 314(d), which precludes judicial review of claims that the USPTO's institution decisions violate a statute, including the AIA and APA. Petitioner suggests that § 314(d) has only a limited role in this Court's jurisdiction over a petition for a writ of mandamus, arguing that it only "bars judicial review of the Director's merits-based determination" and "non-merits-based challenges" that are closely tied to the merits-based determination, but does not restrict this Court's review of the Director's exercise of broader discretion over institution. Pet. 21-22. But this Court has clearly recognized that its mandamus jurisdiction to review decisions denying institution is limited to colorable *constitutional* claims. The petition addresses statutory grievances which are

nonjusticiable in this mandamus action.  *See Motorola*, 159 F.4th at 38, *Cambridge*, 2025 WL 3526129, at \*2-\*3.

Petitioner's separation-of-powers arguments fail because they are, at bottom, simply assertions that the agency exceeded its statutory authority, not constitutional claims.  And those assertions are in any event meritless.  Petitioner seeks to read out § 314's broad grant of discretion to the Director—and read in limitations on that discretion that have no foundation in the relevant statutory text—in contradiction of settled precedent from this Court and the Supreme Court.  *See Google*, 2025 WL 3096849, at \*2; *Cambridge*, 2025 WL 3526129, at \*2 n.1.

Petitioner similarly cannot satisfy the mandamus standard's other requirements.  Petitioner says that it has no other avenue for relief because this Court has said that review of institution decisions is available only through mandamus.  But that just highlights the fact that Petitioner is attempting to obtain judicial review of decisions this Court has recognized are within the USPTO's unreviewable discretion.  Petitioner claims no independent harm from any asserted constitutional

violation, asserting only a desire to invalidate patent claims in its preferred forum. Petitioner has several "alternative avenues of relief" through which it may seek invalidation of the challenged patent claims, as Petitioner remains free to avail itself of district court litigation or ex parte reexamination.

Petitioner cannot otherwise show that mandamus relief would be appropriate. Congress gave the Director wide latitude to manage IPR proceedings, insulating institution decisions from appellate review. The Acting Deputy Chief's action here reflects the practical reality that each Director must balance requests for administrative review of patent claims against the other needs of the USPTO and the patent system more generally. When Acting Director Stewart took office in February 2025, she faced a significantly different situation than existed in 2022: the backlog and pendency of ex parte appeals that the Board needed to address was higher, the number of Administrative Patent Judges was lower, and the agency was subject to a hiring freeze. Petitioner's request for a judicial order forcing the Director to adhere to

a particular rubric for discretionary institution of IPR proceedings is not an "appropriate" use of the writ.

## BACKGROUND

1. When Congress created inter partes review, it set out various statutory bars precluding the USPTO Director from instituting an IPR, but no set of circumstances in which institution is required. *See* 35 U.S.C. §§ 314(a), 315. Congress further provided that although the agency's final written decision with respect to patentability is subject to appeal in this Court, *see id.* §§ 318, 319, the determination by the Director whether to institute an IPR is "final and nonappealable," *id.* § 314(d). Both this Court and the Supreme Court have repeatedly made clear that the USPTO is under "no mandate to institute review" and the "decision to deny [an IPR] petition is a matter committed to the Patent Office's discretion." *Mylan*, 989 F.3d at 1382 (quoting *Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. 261, 273 (2016)). Thus, "[t]he Director is permitted, but never compelled, to institute an IPR," and "no petitioner has a right to … institution." *Id.*

2. Historically, the Director delegated broad discretion over whether to institute IPR proceedings to the Board, *see* 37 C.F.R.

6

§ 42.4(a), and Directors have set out various criteria for the Board to use in employing that delegated authority, *see, e.g., General Plastic Indus. Co. v. Canon Kabushiki Kaisha*, No. IPR2016–01357, 2017 WL 3917706 (P.T.A.B. Sept. 6, 2017) (precedential) (discussing discretionary factors for multiple IPR petitions).

3. On March 26, 2025, Acting Director Stewart issued a memorandum entitled "Interim Processes for PTAB Workload Management," in order "[t]o ensure that the PTAB continues to meet its statutory obligations as to *ex parte* appeals, while continuing to maintain its capacity to conduct AIA proceedings." Appx469. The memo outlined a new briefing schedule that bifurcated briefing between (1) discretionary considerations and (2) merits and other non-discretionary statutory considerations. Appx469-471. The briefing on discretionary considerations would "address all relevant considerations," including "[s]ettled expectations of the parties, such as the length of time the claims have been in force." Appx470-471. The guidance outlined in the memo applied prospectively to "IPR and PGR

proceedings where the deadline for the patent owner to file a

preliminary response has not yet passed." Appx471.[2]

Later, Acting Director Stewart discretionarily denied institution

in *Dabico Airport Solutions Inc. v. AXA Power ApS*, IPR2025-00408,

2025 WL 1710857, Paper 21 (Acting Director Jun. 18, 2025) (*Dabico*).

In *Dabico*, Acting Director Stewart "exercise[d] discretion to deny

institution [] based on a holistic assessment of all of the evidence and

arguments presented." *Id.* at *2. *Dabico* further noted that there, "the

challenged patent has been in force almost eight years, creating settled

expectations." *Id.* at *1. Because in its briefing, Petitioner did not

provide "persuasive reasons why the Office should review the

_____

[2] The new USPTO Director, John Squires, temporarily delegated his
discretion over IPR institution decisions to now-Deputy Director
Stewart. *See* https://www.uspto.gov/sites/default/files/documents/dsco-
delegation.pdf (last visited Dec. 9, 2025). On October 17, 2025, the
Director announced that going forward, although the bifurcated briefing
process in the Interim Processes memo would remain in place, he would
both (1) directly exercise his discretion over IPR institution decisions
and (2) perform the merits-based institution determination. *See*
https://www.uspto.gov/sites/default/files/documents/Director_Institution
_of_AIA_Trial_Proceedings.pdf (last visited Dec. 8, 2025).

challenged patent . . . the Office is disinclined to disturb the settled expectations of Patent Owner in this instance." *Id.*

4. This mandamus petition concerns two IPR petitions filed by Petitioner Google LLC (Google) challenging claims of a patent held by VirtaMove, Corp. (VirtaMove). *See* Appx1. Following the bifurcated briefing schedule, VirtaMove filed briefs in both proceedings arguing that the Acting Deputy Chief should exercise his discretion to deny institution, including on the basis of settled expectations. Appx278-327. Petitioner substantively responded and opposed discretionary denial. Appx328-463.

Acting Deputy Chief Deshpande issued a decision denying institution "based on the totality of the evidence and arguments the parties have presented." Appx1-4. The decision noted that "the challenged patents have been in force for more than 14 years" and that "Petitioner [did] not provide any persuasive reasoning why an *inter partes* review [would be] an appropriate use of Board resources." Appx2 (citing *Dabico*). Thus, the Acting Deputy Chief concluded that discretionary denial was appropriate. The Acting Deputy Chief noted

that "[a]lthough certain arguments are highlighted" in the decision "the determination to exercise discretion to deny institution is based on a holistic assessment of all of the evidence and arguments presented." *Id.* Petitioner's request for Director Review of the discretionary denial decisions was subsequently denied. Appx45-47. Petitioner now seeks a writ of mandamus to overturn Acting Deputy Chief Deshpande's non-institution decision.

## ARGUMENT

## I. Petitioner's Statutory Complaints Are Barred By 35 U.S.C. § 314(d).

In § 314(d), Congress expressly precluded judicial review of the Director's "determination … whether to institute an inter partes review," providing that the decision is "final and nonappealable." 35 U.S.C. § 314(d). While various statutory strictures preclude the Director from granting a petition to institute an IPR, *see, e.g.*, 35 U.S.C. § 315(a), (b), the Supreme Court in *Cuozzo* held that the "decision to *deny* a petition [for IPR] is a matter committed to the Patent Office's discretion," *Cuozzo*, 579 U.S. at 273 (emphasis added). Accordingly, "no petitioner has a right to … institution." *Mylan*, 989 F.3d at 1382. And

the Supreme Court further clarified in *Thryv, Inc. v. Click-to-Call Technologies, LP*, 590 U.S. 45 (2020), that § 314(d)'s bar on appeals from institution decisions means that there is no judicial review of "challenges grounded in statutes related to the institution decision." *See id.* at 56 (cleaned up). Nothing about this Court's conclusion in *Celgene Corp. v. Peter*, 931 F.3d 1342, 1362-63 (Fed. Cir. 2019), that IPR is *available* for pre-AIA patents suggests a limitation on the Supreme Court's pronouncements in *Cuozzo* and *Thryv* that Congress has given the Director full discretion *not* to institute any particular IPR.

This Court has recognized that § 314(d) does not bar this Court from "protect[ing] [its] prospective jurisdiction through mandamus" where the USPTO issues "[a] decision denying institution," which "prevents the Board from issuing any final decision that falls within [this Court's] direct appellate jurisdiction." *Mylan*, 989 F.3d at 1380. But importantly, this Court has recognized that its mandamus jurisdiction is limited by Congress's decision to commit the institution decision to the Director's discretion and to prohibit appeals of such decisions: "[T]here is no reviewability of the Director's exercise of his

discretion to deny institution except for colorable constitutional claims." *Id.* at 1382. "Given the limits on [the Court's] reviewability," *ultra vires* or other statutory arguments "cannot be a basis for granting [a] petition for mandamus" over a decision denying IPR institution. *Id.* at 1382-83. The Court reiterated this holding in *Motorola*, *Google*, *SAP, Cambridge, HighLevel, and Sandisk,* stating that "mandamus is ordinarily unavailable for review of institution decisions," including the type of purported constitutional claim and statutory challenges lodged here. *Motorola*, 159 F.4th at 36; *Google*, 2025 WL 3096849, at *1-2; *SAP*, 2025 WL 3096788, at *2; *Cambridge*, 2025 WL 3526129, at *2; *HighLevel*, 2025 WL 3527144, at *1; *Sandisk*, 2025 WL 3526507, at *1 (applying *Cambridge*).[3]

---

[3] This Court in *Motorola* referenced a possible exception for "certain statutory challenges," 159 F.4th at 36 (citing *Apple v. Vidal*, 63 F.4th 1, 12 n.5 (Fed. Cir. 2023), and similarly referenced a "limited category of non-constitutional challenges," *id.* at 38. *See also Cambridge*, 2025 WL 3526129, at *2 & 3. No such possible exceptions exist here. *Motorola* explicitly rejected statutory challenges, like the ones here, that "challenge the Director's exercise of discretion to deny institution." 159 F.4th at 38 (quoting *Mylan*, 989 F.3d at 1382 (cleaned up)). And *Cambridge* makes clear that challenges to the particular factors considered when rendering institution decisions are not subject to mandamus jurisdiction. 2025 WL 3526129, at *3. Furthermore, the *Apple* footnote cited in *Motorola* and *Cambridge* simply recognized that

These principles foreclose Petitioner's mandamus petition insofar as it raises claims regarding statutory requirements, including those in the AIA and APA. Whatever constitutional claims § 314(d) might permit litigants to raise regarding institution denial through a mandamus petition, they do not include "run-of-the-mill statutory interpretation" questions reframed as constitutional violations. *Apple Inc. v. Vidal*, 63 F.4th 1, 13 (Fed. Cir. 2023); *see Mylan*, 989 F.3d at 1381-83 (rejecting two statutory challenges "[g]iven the limits on [the Court's] reviewability" through mandamus of decisions not to institute IPR).

---

*Cuozzo* left open the possibility that § 314(d) may not bar review of statutes "less closely related" to institution "or that present other questions of interpretation that reach, in terms of scope and impact, well beyond" § 314(d). *Apple*, 63 F.4th at 12 n.5 (quoting *Cuozzo*, 579 U.S. at 275); *see also Cambridge*, 2025 WL 3526129, at *2 (same). *Apple* and *Cuozzo* did not involve questions of mandamus jurisdiction, and *Cuozzo* did not involve a denial of institution. Neither the Supreme Court nor this Court has identified an example of a statutory interpretation question in the *non-institution* context that could be subject to mandamus review. In contrast, this Court stated in *Mylan*, without further exception, that "there is no [mandamus] reviewability of the Director's exercise of his discretion to *deny* institution except for colorable constitutional claims." 989 F.3d at 1382 (emphasis added).

In *Motorola* and *Cambridge*, the Court reiterated *Mylan*'s holding that such statutory arguments rooted in the APA are not available for mandamus relief. *Motorola*, 159 F.4th at 38; *Cambridge*, 2025 WL 3526129, at *2-3. Thus, as this Court has already held in *Cambridge*, 2025 WL 3526129, at *2-3, and *Sandisk*, 2025 WL 3526507, at *1, Petitioner's claims that the USPTO's consideration of "settled expectations" violated the statutory limitations of the AIA (Pet. 22-23, 25, 28-34) and the APA (Pet. 26-28, 35-36), necessarily fail.

Finally, the Court's reiteration and application of *Mylan* in *Motorola* and *Cambridge* belies Petitioner's argument (Pet. 21-23) that § 314(d) *only* bars this Court from reviewing the Director's exercise of discretion as to statutorily specified factors (e.g., reasonable likelihood that a challenged claim is unpatentable). Even more fundamentally, Petitioner makes no attempt to square its argument about the limitations on the scope of § 314(d) with the Supreme Court's unqualified statement that "the agency's decision to deny a petition [for IPR] is a matter committed to the Patent Office's discretion." *Cuozzo*, 579 U.S. at 273 (citing 35 U.S.C. § 314(a)). The Supreme Court's

citation to § 314(a) as the source of that discretion makes clear that Petitioner's argument falls within the "questions that are closely tied to the application and interpretation of statutes related to the Patent Office's decision to initiate inter partes review." *Cuozzo*, 579 U.S. at 274-75.

Petitioner attempts to circumvent *Mylan* by relying (Pet. 25) on *Cuozzo*, which stated that consistent with the APA, judicial "review" may be available if the USPTO has engaged in shenanigans "in excess of statutory jurisdiction." 579 U.S. at 275. But *Cuozzo* neither involved mandamus jurisdiction nor sought review of a non-institution decision. *See id.* at 275-76. Under this Court's decisions in *Mylan*, *Motorola*, *Cambridge*, and *Sandisk*—all issued against the backdrop of *Cuozzo*— Petitioner cannot use mandamus to bring an APA challenge to the agency's consideration of settled expectations as a criterion to deny institution. *Mylan*, 989 F.3d at 1379-82 (explaining that the "extraordinary circumstances" for which mandamus is available to review "a denial of institution" are limited to "colorable constitutional claims" regarding "the Director's exercise of his discretion to deny

institution"); *Motorola*, 159 F.4th at 38 (explaining that a petitioner's "request is nothing but an attempted end run around § 314(d)'s bar on review"); *Cambridge*, 2025 WL 3526129, at *2-3 (explaining that "arguments … about what factors the Director may consider when deciding to institute IPR" such as "the settled expectations factor" are not reviewable); *Sandisk*, 2025 WL 3526507, at *1 (explaining "non-constitutional challenges to the PTO's consideration of 'settled expectations' as a factor in declining to institute IPR do not establish a clear and indisputable right to relief"). This Court's reliance on the holding from *Mylan* in *Motorola* and *Cambridge* to reject virtually identical arguments to those made here undercuts Petitioner's suggestion that *Mylan*'s holding on the limits of mandamus review was somehow case specific. Pet. 25. This argument from Petitioner also fails based on the clear language from *Mylan* quoted above and this Court's explanation in *Mylan* that the limit of mandamus review necessarily follows from "the statute's bestowal of discretion on the Director combined with its prohibition on appeal of such decisions." 989 F.3d at 1382.

Contrary to Petitioner's attempt to expand mandamus to cover statutory APA claims, this Court has only held that a party may file an APA action in district court about the necessity of following notice-and-comment requirements for a given procedure—if the party establishes standing to seek "prospective relief only," rather than relief in connection with any prior institution-related decision. *See Motorola*, 159 F.4th at 38 (explaining that *Apple* involved "a challenge to whether the PTO has complied with APA's notice-and-comment rulemaking requirements 'apart from the reviewability of' a specific institution decision") (quoting *Apple*, 63 F.4th at 14); *see also Cambridge*, 2025 WL 3526129, at *2 (reiterating *Motorola* on this point); *Apple*, 63 F.4th at 10; *see id.* at 14-17 (concluding plaintiff adequately demonstrated standing to bring a notice-and-comment challenge by showing "a substantial risk that the harm will occur in the future because of the instructions" it contended should have gone through notice-and-comment procedures) (quotation marks omitted)). As a remedy, this Court did not contemplate reversal of past institution denials, but rather that notice-and-comment rulemaking could result in a "change[]

in a way favorable to" the plaintiff in the challenged "instructions" the Director issued to guide the future exercise of delegated institution discretion. *Apple*, 63 F.4th at 17. Importantly, however, this Court in *Apple* reiterated that § 314(d) bars APA challenges to even "content-focused challenges," whether those challenges target an institution decision "the Director personally made … accompanied by an explanation containing the" reasoning a plaintiff contends is unlawful, or an institution decision made by the Director's delegate. 63 F.4th at 13. Here, to the extent Petitioner can challenge any aspect of the USPTO's institution-related practices under the APA and AIA, it raises its arguments in the wrong court, through the wrong type of action, seeking the wrong sort of relief.

## II. Petitioner's Separation-Of-Powers Claims Are Simply Meritless Statutory Claims.

To be eligible for mandamus relief, a petitioner must show a "clear and indisputable" right to relief. *In re Dominion Dealer Sols., LLC*, 749 F.3d 1379, 1381 (Fed. Cir. 2014) (quotation marks omitted); *see also Cheney*, 542 U.S. at 380-81. Petitioner cannot establish a "clear and indisputable" constitutional violation warranting a writ of mandamus,

much less one requiring the agency to revisit Acting Deputy Chief Deshpande's decision to deny IPR institution without consideration of the challenged patent's age.

Petitioner contends that the Acting Director "lacked authority to impose a criterion . . . that contravenes express Congressional judgments reflected in the AIA's statutory framework" and thus violated "separation-of-powers principles." Pet. 31, 34. But this argument simply puts a constitutional label on arguments that are based solely on Petitioner's view of the AIA. *See* Pet. 32-34. The Director's weighing of discretionary institution criteria "does not raise any colorable constitutional challenge and is otherwise unreviewable." *Google*, 2025 WL 3096849, at *2; *Cambridge*, 2025 WL 3526129, at *2 n.1 (determining that the same separation-of-powers challenge raised here "presents no colorable constitutional claim."). The Supreme Court has carefully distinguished "between claims of constitutional violations and claims that an official has acted in excess of his statutory authority." *Dalton v. Specter*, 511 U.S. 462, 472 (1994). The Constitution is implicated if executive officers rely on it as an

independent source of authority to act, as in *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579 (1952), or if the officers rely on a statute that itself violates the Constitution, *see Dalton*, 511 U.S. at 473 & n.5. But claims alleging simply that an official has "exceeded his statutory authority are not 'constitutional' claims." *Id.* at 473; *see also*, *Cambridge*, 2025 WL 3526129, at *2 n.1 (quoting same). Petitioner's arguments that Acting Deputy Chief Deshpande's reasons for discretionarily denying the petitions contravene the AIA do not state a constitutional claim and are thus not cognizable in this mandamus action. *See supra* pp. 13-15.

In any event, Petitioner's statutory arguments are meritless. Petitioner's contentions that Congress limited the Director's discretion to consider the age of the patent in deciding to deny institution (Pet. 29-34) contradict settled precedent. The Supreme Court, invoking both 5 U.S.C. § 701(a)(2) of the APA and 35 U.S.C. § 314(a) of the AIA, held that "the agency's decision to deny a petition is a matter *committed to the Patent Office's discretion*." *Cuozzo*, 579 U.S. at 273 (emphasis added); *see also United States v. Arthrex, Inc.*, 594 U.S. 1, 8 (2021).

Petitioner argues that Congress limited that discretion to consideration of only specified criteria. Pet. 29, 32. But Petitioner identifies no express limitations in these provisions' language, instead seeking to transform language reflecting the breadth of the Director's flexibility in managing IPR proceedings into a fetter on the Director's discretion to deny institution. It is unsurprising that the Supreme Court and this Court have repeatedly examined the AIA and failed to find such extratextual strictures on the Director's ability to decline to initiate an administrative proceeding. *See Cuozzo*, 579 U.S. at 273 (relying on § 701(a)(2) to find that denying institution is committed to the USPTO's discretion); *see also Mylan*, 989 F.3d at 1382; *Apple Inc.*, 63 F.4th at 15 (referencing "[t]he general rule that non-enforcement choices are committed to agency discretion by law."); *Motorola*, 159 F.4th at 36; *see also Heckler v. Chaney*, 470 U.S. 821, 831–32, 836 (1985) (explaining that "an agency's decision not to take enforcement action should be presumed immune from judicial review under § 701(a)(2)").

Indeed, Petitioner's suggestion that the Director's ability to apply "discretion" in denying IPR institution is limited to the minimum merits threshold and specifically identified procedural requirements (Pet. 29) is in square conflict with decisions of this Court and the Supreme Court. *See Mylan*, 989 F.3d at 1382 (noting as an "example" that "the Director is free … to determine that for reasons of administrative efficiency an IPR will not be instituted); *Cuozzo*, 579 U.S. at 273 (institution denial committed to USPTO discretion by law).

Petitioner argues that the text of § 314 cannot provide the Director with broad discretion because § 314(a) only "**limit**[s] the Director's discretion" by requiring a minimum showing on the merits to institute. Pet. 30 (emphasis in original). But as discussed above, the Supreme Court has already held that the decision not to institute IPR proceedings is "committed to agency discretion by law." *See Cuozzo,* 579 U.S. at 273 (citing 35 U.S.C. § 314(a), which contains "no mandate to institute review"). Petitioner's argument that the settled expectations guidance, or an "age-based deadline" akin to the one for post-grant reviews, is not written in the statute (Pet. 32-33) does

nothing to limit the Director's discretion over IPR institution; the Director is "never compelled[] to institute an IPR" and may use any constitutionally permissible criteria to decline to do so, *Mylan*, 989 F.3d at 1375.

## III. Petitioner Cannot Satisfy The Other Mandamus Factors.

Even if it could meet the mandamus standard's demanding merits bar, Petitioner could not satisfy the remaining two factors: the absence of "adequate alternative means to obtain the relief" sought and a showing that "the writ is appropriate under the circumstances." *Dominion Dealer Sols.*, 749 F.3d at 1381 (quotation marks omitted); *see also Cheney*, 542 U.S. at 380-81.

### A. Petitioner Has Alternate Means of Relief.

In two sentences, Petitioner contends that it has no alternative means of relief because this Court has stated that "there is no adequate remedy by way of direct appeal." Pet. 36 (quoting *In re Palo Alto Networks, Inc.*, 44 F.4th 1369, 1374 (Fed. Cir. 2022)). But the only harm Petitioner claims is the denial of one avenue for challenging

patent claims.[4]  There is no question that there are other avenues for

Petitioner to pursue validity challenges, including in district court[5] or

ex parte reexamination.  *Motorola*, 159 F.4th at 38 (recognizing that

IPR institution denial does not affect petitioner's ability to raise

patentability issues elsewhere).  Petitioner's abbreviated discussion

does not address these obvious alternative means of relief, so Petitioner

cannot carry its burden to show that the alternatives are inadequate.

And the fact that the alternate relief available is not a party's preferred

type does not make that relief inadequate or support a grant of

mandamus.  *See Fornaro v. James*, 416 F.3d 63, 69 (D.C. Cir. 2005);

*Barnhart v. Devine*, 771 F.2d 1515, 1527 (D.C. Cir. 1985); *Bryan v.*

*McDonald*, 615 F. App'x 681, 684 (Fed. Cir. 2015) (unpublished).

---

[4] In a hypothetical case, a petitioner might contend that the USPTO violated the Constitution in the course of denying institution in a way that inflicted some independent harm, e.g., by violating the Equal Protection Clause. But here, Petitioner asserts no such harm.

[5] Indeed, Google acknowledges that it has not included the denial of IPR against another VirtaMove patent in its Petition precisely because "all claims of that patent have been found invalid in district court."  Pet. 2 n.2.

## B. Mandamus Relief Is Inappropriate Under the Circumstances.

Finally, "even if the first two prerequisites [for mandamus] have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney*, 542 U.S. at 381. For the reasons discussed above, (1) Petitioner has not advanced any colorable constitutional claims for this Court to hear on mandamus; and (2) Petitioner may still pursue its invalidity defenses in the district court litigation or file ex parte reexamination requests.

But even beyond these hurdles, Petitioner seeks an inappropriate exercise of this Court's mandamus authority. Petitioner asks this Court to force the current USPTO leadership to abandon its policy guidance in favor of Petitioner's view of the appropriate factors for discretionary denial. Petitioner casts this Director's policy determinations as conflicting with "statutory limits" for institution (Pet. 8) and seeks to reverse policy determinations reflected by the relevant guidance. *See* Appx469-471, Appx492-493. That is not the system Congress enacted. Issuing the writ Petitioner requests would not only inappropriately encroach on the Director's statutory discretion, it would raise political-

accountability concerns, hamstringing the current Director from responding to evolving conditions facing the agency and making his own policy judgments. *See Arthrex,* 594 U.S. at 21. Nothing in these circumstances indicates that this is the sort of extraordinary situation that could warrant this Court's issuance of an extraordinary writ.

## CONCLUSION

The Court should deny the petition for a writ of mandamus.

BRAD HINSHELWOOD
LAURA E. MYRON
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7228*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave. NW*
  *Washington, D.C. 20530*
  *(202) 514-4819*

*/s/ Peter J. Sawert*
NICHOLAS T. MATICH
  *Solicitor*
ROBERT J. McMANUS
  *Acting Deputy Solicitor*
PETER J. SAWERT
FAHD H. PATEL
  *Associate Solicitors*
  *Office of the Solicitor*
  *U.S. Patent and*
   *Trademark Office*

December 12, 2025

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing Director's Response to Petition for Writ of Mandamus complies with the type-volume limitation of Federal Rule of Appellate Procedure 21(d)(1) because it contains 4,730 words, excluding the table of contents, table of authorities, and signature block, as measured by the word-processing software used to prepare this filing.

Dated: December 12, 2025

/s/ Peter J. Sawert
Peter J. Sawert