No. 26-111-GK

# United States Court of Appeals
# for the Federal Circuit

*IN RE GOOGLE LLC*

*Petitioner*

**REPLY IN SUPPORT OF PETITION FOR A WRIT OF MANDAMUS**

**On Petition for a Writ of Mandamus to the United States Patent and
Trademark Office, Patent Trial and Appeal Board,
in Case Nos. IPR2025-00487 and IPR2025-00488**

Nathan R. Speed
Elisabeth H. Hunt
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA  02210
Telephone: (617) 646-8000
Fax: (617) 646-8646

*Counsel for Petitioner*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

**Case Number** 2026-111

**Short Case Caption** *In re Google LLC*

**Filing Party/Entity** Google LLC

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: <u>December 22, 2025</u>

Signature: */s/Nathan R. Speed*

Name: <u>Nathan R. Speed</u>

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☒None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐None/Not Applicable |
| Google LLC | | XXVI Holdings Inc. |
| | | Alphabet Inc. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐  Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Wolf, Greenfield & Sacks, P.C. | | |
| Gregory S. Nieberg | | |
| Anant K. Saraswat | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☒ Yes (file separate notice; see below) ☐ No ☐ N/A

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☒ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

.

# TABLE OF CONTENTS

INTRODUCTION ...............................................................................1

ARGUMENT ....................................................................................2

I.  Section 314(d) does not preclude judicial review. ...........................2

    A.  This Court has not previously considered the reviewability issue
that Google advances. ................................................................2

    B.  The Acting Director's discretionary-considerations determination
is outside section 314(d)'s scope...............................................4

    C.  Neither *Mylan* nor *Cuozzo* bars judicial review. .......................8

        1.  Neither *Mylan* nor *Cuozzo* addressed the Director's new
discretionary-considerations determination.......................8

        2.  Neither *Mylan* nor *Cuozzo* precludes review...................10

II.  Google's right to relief is clear and indisputable. ...........................13

    A.  Google's *Celgene* argument is largely unrebutted. ...................13

    B.  The settled-expectation rule is beyond the USPTO's statutory
authority....................................................................................14

    C.  Google's separation-of-powers argument is a constitutional claim.........16

III.  Google has no other adequate means to obtain relief. ....................17

IV.  Mandamus relief is appropriate.......................................................17

CONCLUSION ................................................................................18

CERTIFICATE OF COMPLIANCE ....................................................20

# TABLE OF AUTHORITIES

## CASES

*Accardi v. Shaughnessy,*
  347 U.S. 260 (1954) .......................................................................9

*In re Aiken Cnty.,*
  725 F.3d 255 (D.C. Cir. 2013) ......................................................15

*Apple Inc. v. Vidal,*
  63 F.4th 1 (Fed. Cir. 2023) .................................................... 11, 12

*In re Cambridge,*
  2025 WL 3526129 (Fed. Cir. 2025) ....................................... 3, 11, 16

*Celgene Corp. v. Peter,*
  931 F.3d 1342 (Fed. Cir. 2019) ............................................. 13, 14, 18

*Cuozzo Speed Techs., LLC v. Lee,*
  579 U.S. 261 (2016) ...................................................... passim

*Dalton v. Specter,*
  511 U.S. 462 (1994) .......................................................................16

*DHS v. Regents of Univ. of Cal.,*
  591 U.S. 1 (2020) ...........................................................................18

*Geiger v. Brown,*
  419 F.2d 714 (D.C. Cir. 1969) ......................................................10

*Heckler v. Chaney,*
  470 U.S. 821 (1985) ................................................................ 12, 15

*In re Motorola Sols., Inc.,*
  159 F.4th 30 (Fed. Cir. 2025) .................................................. 9, 11, 12

*Mylan Labs. Ltd. v. Janssen Pharmaceutica, N.V.,*
  989 F.3d 1375 (Fed. Cir. 2021) ........................................... passim

*Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC,*
  584 U.S. 325 (2018) .......................................................................18

*Qualcomm Inc. v. Apple Inc.*,
  134 F.4th 1355 (Fed. Cir. 2025) ..................................................... 4, 12

*SAS Institute v. Iancu*,
  584 U.S. 357 (2018) ....................................................................... 8

*SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods. LLC*,
  580 U.S. 328 (2017) ...................................................................... 16

*Thryv, Inc. v. Click-to-Call Techs.*,
  590 U.S. 45 (2020) .................................................................... 7, 13

*United States v. Arthrex, Inc.*,
  594 U.S. 1 (2021) .......................................................................... 10

*Voge v. United States*,
  844 F.2d 776 (Fed. Cir. 1988) ...................................................... 10

**STATUTES**

35 U.S.C. § 311(c) ................................................................... 15, 16

35 U.S.C. § 312(a) ...................................................................... 5, 6

35 U.S.C. § 314(a) ...................................................................... 4, 6

35 U.S.C. § 314(d) ................................................................. passim

35 U.S.C. § 315(b) ...................................................................... 6, 9

5 U.S.C. § 701(A)(2) ...................................................................... 12

**REGULATIONS**

37 C.F.R. § 42.4(a) ......................................................................... 9

37 C.F.R. § 42.73(d)(3) .................................................................. 17

**OTHER LEGISLATIVE AUTHORITIES**

The Patent Reform Act of 2007,
  S. Rep. No. 110-259 (2008) ........................................................... 14

**INTRODUCTION**

The Director does not genuinely defend the "settled-expectations" rule.[1]  The Director instead contends that this Court is powerless to review the rule because 35 U.S.C. § 314(d) allegedly bars judicial review of ***any*** determination concerning IPR institution.

Google foresaw this argument, and explained why the ***specific*** determination made in this case fell outside section 314(d).  As Google explained, the USPTO's Process Memo inserted a new threshold "discretionary-considerations" determination before the traditional institution-decision process.  This new determination had ***nothing*** to do with a petition's merits or with application of statutes closely related to institution—the two categories of issues the Supreme Court has said are unreviewable under section 314(d).  Petition, 20-24.  The Process Memo added to the institution process an entirely new threshold determination which—by the USPTO's own design—does not address the two categories of issues that section 314(d) shields from judicial review.

Despite this being Google's ***central argument*** for reviewability, the Director largely ignores it and treats Google's petition as advancing the same reviewability arguments as those advanced in other mandamus petitions that this Court recently

---

[1] This brief uses the same abbreviations Google's mandamus petition used. Emphasis added throughout.

denied.  But no party in those other cases raised the reviewability argument Google advances.  Those prior cases therefore do not control.

This petition presents the Court with an opportunity to address explicitly whether the Director's "discretionary-considerations" determination—which, again, neither addresses a petition's merits nor applies any statute related to institution—is immune from judicial review.  That the USPTO invented this threshold determination out of whole cloth underscores that the determination is not one Congress intended to shield from review.  And once that determination is reviewed, there should be no dispute that the settled-expectations rule it applied is unlawful.

## ARGUMENT

### I.    Section 314(d) does not preclude judicial review.

#### A.    This Court has not previously considered the reviewability issue that Google advances.

The Director repeatedly argues that Google's petition must be denied given recent decisions by this Court denying other mandamus petitions challenging the Director's various new rules.  Director-Br., 2; *see also* VirtaMove-Br., 15-16.  The Director may find it convenient to lump Google's challenge together with those past challenges, but no other party has advanced the argument that Google advances.

In its petition, Google argued that the Acting Director's determination in this case is reviewable because the Process Memo explicitly states that the determination neither addresses a petition's merits nor applies statutes related to institution, *i.e.*,

the issues that *Cuozzo* said section 314(d) shields from review. Petition, 20-24. No other party has advanced such an argument; thus, no decision from this Court has addressed the argument. Indeed, this Court has suggested that avenues for reviewing the USPTO's settled-expectations rule may exist, but has emphasized that no party has thus far shown the issue to be reviewable.

For example, the Court recently said it was not deciding "whether the PTO's actions are correct or whether the use of [the settled-expectations rule] is permitted under the statutes," but found that the particular petitioner in that case had "not adequately demonstrated" that the issue was reviewable. *In re Cambridge*, 2025 WL 3526129, *3 (Fed. Cir. 2025). In particular, the Court found that the petitioner's arguments challenged the Director's "application and interpretation of statutes related to" institution. *Id.* But Google's petition explains why the Acting Director's discretionary-considerations determination is ***not*** applying or interpreting statutes closely related to institution. The flaw in *Cambridge* is one Google explicitly addresses.

This Court's recent mandamus decisions do not "answer this Petition," as the Director contends. Director-Br., 2. Those recent decisions only highlight that the argument Google is advancing is unique, and they underscore the need for the Court

to squarely address whether the new discretionary-considerations determination is within section 314(d)'s scope.[2]

### B. The Acting Director's discretionary-considerations determination is outside section 314(d)'s scope.

Section 314(d) "is not an absolute bar to an IPR-related appeal." *Qualcomm Inc. v. Apple Inc.*, 134 F.4th 1355, 1362 (Fed. Cir. 2025). Rather, section 314(d) bars judicial review of two categories of decisions: (**i**) those that relate to a petition's merits under section 314(a), and (**ii**) those that "consist of questions that are *closely tied* to the application and interpretation of statutes related to the [USPTO's] decision to initiate [IPR]." *Id.* (emphasis original) (quoting *Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. 261, 275 (2016)). This latter category involves determinations "about a run-of-the-mill statutory provision of a procedural nature regarding the threshold decision of whether to institute an IPR." *Qualcomm*, 134 F.4th at 1364.

The former Acting Director's decision[3] in this case is unquestionably not a merits-based determination. The lone question is whether the decision falls into the second category of unreviewable decisions consisting of questions ***closely tied*** to

---

[2] The Director now alone determines whether institution is warranted, but his orders still engage in the Process Memo's two-step process. He still issues a discretionary-considerations determination prior to later issuing an institution decision if the petition was not discretionarily denied.

[3] The former Acting Director delegated her authority to issue the decision in this case; Google refers to the Acting Director for simplicity.

application and interpretation of **statutes** related to institution. As Google's mandamus petition explained, the Process Memo answers this question directly.

The Process Memo is clear that the Acting Director's decision was a threshold determination exclusively concerning non-statutory "discretionary considerations." Appx469. The IPR petition's "merits and other non-discretionary **statutory considerations**" are only considered **by the Board**—not the Director—in the second step of the bifurcated process. *Id.* And the USPTO openly admits that these "statutory considerations" are the same run-of-the-mill procedural statutory provisions for which compliance has previously been found unreviewable, such as section 312(a)'s particularity requirement. Appx474-475.

By the USPTO's own description, the Acting Director's decision does not fall into either of *Cuozzo*'s two categories of unreviewable decisions. Such unreviewable decisions regarding merits and procedural statutory provisions were still being made **by the Board**, but not until after the Director's initial threshold discretionary-considerations determination. That is, the Board continued to issue traditional institution decisions (that are largely unreviewable under section 314(d)), but would not do so until **after** the Director first decided whether to allow a petition to receive the Board's consideration. That new initial determination is reviewable because it is beyond section 314(d)'s scope.

The Director's brief mentions the new bifurcated process, but only in an overview of the case. Director-Br., 7-9. The Director never directly confronts Google's contention that the agency's new threshold determination is beyond section 314(d)'s scope. The closest the Director comes to explaining how this new determination purportedly falls into section 314(d)'s two categories of unreviewable decisions is the suggestion—in a single sentence—that the new determination relates to section 314(a) itself. Director-Br., 14-15. But *Cuozzo*'s reference to questions tied to statutes related to institution is a reference to statutes ***apart from section 314(a)***, such as section 312(a) or 315(b). It makes no sense to refer to section 314(a) as a statute closely related to itself.

The Director cannot point to a single statute closely related to institution that the Acting Director's discretionary-considerations determination applied or interpreted because there is no such statute. The Acting Director's decision is therefore outside the scope of section 314(d) and is subject to judicial review.

For its part, VirtaMove also cannot point to a statute closely related to institution that the Acting Director applied or interpreted. Instead, VirtaMove says that Google reads section 314(d) as limited to merits determinations. VirtaMove-Br., 2, 11-12. But Google recognized *Cuozzo*'s holding that ***both*** the merits determination ***and*** the application of statutes closely related to the institution decision are immune from judicial review. Petition, 8, 21, 29. VirtaMove is right

that *Thryv* rejected an argument that section 314(d) is limited to a petition's merits; Google said as much in its petition. Petition, 21 (citing *Thryv, Inc. v. Click-to-Call Techs.*, 590 U.S. 45, 59 n.8 (2020)).

Where Google and VirtaMove disagree is whether "questions that are closely tied to the application and interpretation of ***statutes*** related to" institution means what it says or whether it provides a get-of-jail-free card that immunizes ***any*** decision the Director makes that bears on institution even if that decision neither applies nor interprets a statute closely related to institution.[4] VirtaMove advocates the get-of-jail-free approach, citing *Thryv*'s dicta that the "*entire determination whether to institute*" is within section 314(d). VirtaMove-Br. at 2 (VirtaMove's emphasis; quotation removed).

But *Thryv* explicitly reaffirmed *Cuozzo* and made clear that the "entire determination" that section 314(d) shields from review is (i) the merits and (ii) questions "closely tied" to application or interpretation of statutes related to the institution decision. 590 U.S. at 59 n.8. *Thryv* did not extend section 314(d) beyond those two categories. Nor did *Thryv* repudiate *SAS*'s explanation that *Cuozzo* cannot

---

[4] VirtaMove suggests Google is arguing that non-institution decisions are directly appealable. VirtaMove-Br., 10-13. On the contrary, Google argues that this Court has ***mandamus*** jurisdiction to review the agency action in this case. VirtaMove's arguments regarding direct appeals of institution decisions are thus irrelevant.

be read as "foreclosing judicial review of any legal question bearing on the institution decision." *SAS Institute v. Iancu*, 584 U.S. 357, 370 (2018).

## C. Neither *Mylan* nor *Cuozzo* bars judicial review.

Beyond section 314(d), the Director also points to statements in *Cuozzo* and *Mylan* that the Director believes suggest that decisions extending beyond a petition's merits or application of statutes closely related to institution are also immune from judicial review. The Director reads too much into those prior statements. More fundamentally, though, neither *Cuozzo* nor *Mylan* involved the new bifurcated decision process, so neither addressed whether the Director's new discretionary-considerations determination is immune from review.

### 1. Neither *Mylan* nor *Cuozzo* addressed the Director's new discretionary-considerations determination.

The Process Memo was announced in March 2025, so neither *Mylan* nor *Cuozzo* had an opportunity to address whether the Director's discretionary-considerations determination is within the scope of section 314(d). This petition presents an opportunity to do so.

*Mylan* and *Cuozzo* involved traditional institution decisions made by the Board, which ostensibly considered both the merits and other closely tied statutory questions. The Acting Director's determination in this case is not a traditional institution decision. By design, it addresses neither the merits nor closely tied

statutory questions. It addresses only "discretionary considerations," such as the patentee's "settled expectations," that are found nowhere in the statute.

That the new discretionary-considerations determination is not akin to a traditional institution decision is confirmed by the Process Memo itself which continued to reserve for the Board the exclusive authority to issue traditional institution decisions—*i.e.*, decisions evaluating a petition's merits or addressing closely tied statutory questions like compliance with section 315(b). Appx469. The discretionary-considerations determination is not an institution decision in the same vein as the decisions that the Board has been issuing for more than a decade; it is a new threshold determination that dictates which petitions are even brought before the Board for institution consideration.

Were the Acting Director's determination truly an institution decision, significant problems would arise. By regulation, only the Board is authorized to make institution decisions. 37 C.F.R. § 42.4(a). The Acting Director's determination cannot be an institution decision akin to those addressed in *Mylan* and *Cuozzo* because the agency transferred the authority to issue such decisions to the Board. "[A]s long as the regulations remain operative," the Director "denies himself the right to sidestep the Board." *Accardi v. Shaughnessy*, 347 U.S. 260, 267 (1954).[5]

---

[5] This Court recently noted this potential issue. *In re Motorola Sols., Inc*., 159 F.4th 30, 34 n.2 (Fed. Cir. 2025).

Accordingly, if the discretionary-considerations determination is a traditional institution decision, then it violates the principle that "government officials must follow their own regulations, even if they were not compelled to have them at all." *Voge v. United States*, 844 F.2d 776, 779 (Fed. Cir. 1988). This is true regardless of any discretion the agency might otherwise have. *Geiger v. Brown*, 419 F.2d 714, 718 (D.C. Cir. 1969).

Congress may have "committed the decision to institute [IPR] to the Director's unreviewable discretion," but "[b]y regulation the Director has delegated ***this authority*** to the [Board] itself." *United States v. Arthrex, Inc.*, 594 U.S. 1, 8 (2021). It follows that only ***the Board's*** institution decisions enjoy largely "unreviewable discretion"—other agency decisions, including the newly-invented discretionary-considerations determination ***do not***.

### 2.    Neither *Mylan* nor *Cuozzo* precludes review.

As neither *Mylan* nor *Cuozzo* involved the agency action at issue here, neither controls. The Director's arguments to the contrary stretch both decisions' holdings too far.

The Director says *Cuozzo* made the "unqualified statement" that the USPTO's decision to deny a petition is committed to agency discretion. Director-Br. at 14. But *Cuozzo* later ***qualified*** that statement by "emphasiz[ing] that our interpretation" of section 314(d) "applies where the grounds for attacking the decision to institute

[IPR] consist of questions that are ***closely tied*** to the application and interpretation of statutes related to the [USPTO]'s decision to initiate [IPR]." *Cuozzo*, 579 U.S. at 274-75.  Other questions involving "less closely related statutes, or that present questions of interpretation that reach, in terms of scope and impact, well beyond" section 314 are not barred.  *Id.* at 275.

The USPTO has discretion, but *Cuozzo* is clear such discretion only shields "an ordinary dispute about ***the application*** of certain relevant patent ***statutes***" from review.  *Id.* at 271.  Other decisions that reach beyond such ordinary disputes or constitute agency shenanigans are not necessarily barred.  This Court has said this too.  *Apple Inc. v. Vidal*, 63 F.4th 1, 12 n.5 (Fed. Cir. 2023); *Motorola*, 159 F.4th at 36, 38 (citing *Apple* and referencing potential reviewability of "certain statutory challenges" and a "limited category of non-constitutional challenges"); *Cambridge*, 2025 WL 3526129, at *2 (similar).  Even the Director recognizes *Cuozzo* "left open the possibility" that section 314(d) may not bar review regarding statutes related to institution, but which are not ***closely*** related.  Director-Br., 12 n.3.

Apart from *Cuozzo*, the Director argues that *Mylan* precludes ***all*** non-constitutional challenges to decisions denying institution.  *Id.*, 11-12.  But *Mylan* was applying *Cuozzo*, and as discussed above *Cuozzo* was clear that (**i**) section 314(d) bars judicial review of only two categories of institution decisions, and (**ii**) other agency actions relating to institution may be reviewable.  *Mylan*, 989 F.3d at

1382-83; *Qualcomm*, 134 F.4th at 1362 ("*Cuozzo*….established principles for reviewability under § 314(d)."). *Mylan* should not be read more broadly than the Supreme Court decision it was applying; indeed, this Court's recognition in *Apple*, *Motorola*, and other cases that non-constitutional avenues for challenging institution decisions may be available was made against the backdrop of *Mylan*.

Moreover, if *Mylan* is interpreted as extending section 314(d) beyond *Cuozzo*'s two categories, then the only source of such additional judicial deference is *Mylan*'s reference to 5 U.S.C. § 701(A)(2) and *Heckler v. Chaney*, 470 U.S. 821 (1985). *See Mylan*, 989 F.3d at 1382.

Google foresaw this argument and explained that while an agency's non-enforcement actions may be presumed unreviewable, *Heckler* says the presumption is rebutted where Congress has circumscribed the agency's ability to "discriminate among issues or cases it will pursue." 470 U.S. at 833; Petition, 22-23. As Google explained, Congress provided that **any patent** can be challenged after nine months past its issuance, which circumscribes the USPTO's ability to use a patent's age for discriminating which IPR petitions it will pursue. Petition, 22. Neither the Director nor VirtaMove had **any** response.

*Heckler* is also clear that an agency's non-enforcement action is reviewable where the action is the result of an agency policy so extreme as to constitute an "abdication" of the agency's "statutory responsibilities." 470 U.S. at 833 n.4;

Petition, 23.  Here, the USPTO's decision to immunize ***thousands*** of patents from review for no reason other than their age, despite Congress providing IPR "to weed out bad patent claims" *Thryv*, 590 U.S. at 54, is a wholesale abdication of its statutory responsibilities.  S. Rep. No. 110-259, at 21 (2008) ("No patent holder has a right to an invalid patent, however long that patent holder may have enjoyed that right inappropriately.").[6]  Again, neither the Director nor VirtaMove had any response to this argument.

## II. Google's right to relief is clear and indisputable.

### A. Google's *Celgene* argument is largely unrebutted.

The Director responds to *Celgene* in a single sentence, arguing it does not open the door for this Court to review the Acting Director's determination.  Director-Br., 11.  But Google cited *Celgene* not as a reason why the Acting Director's determination was reviewable; but rather as a reason why the determination was unlawful.  Petition, 26-28.  On that point, the Director had no response.

VirtaMove likewise gives *Celgene* short shrift.  VirtaMove argues that the issue in *Celgene* was different.[7]  VirtaMove-Br., 17.  True enough; *Celgene* involved a Takings-Clause challenge, which Google does not raise.  But this Court rejected

---

[6] VirtaMove quotes different legislative history.  VirtaMove-Br., 6-7.  But Sen. Kyl emphasized the agency's ability to issue ***regulations*** to avoid backlogs; the settled-expectations rule was not promulgated via regulation.

[7] VirtaMove also argues judicial estoppel is inapplicable.  VirtaMove-Br., 18-22.  Google did not argue that judicial estoppel binds the USPTO.

that Takings-Clause challenge because patentees have no settled expectation that their patents will ever be immune from IPR. *Celgene*, 931 F.3d at 1361-62. This Court's *Celgene* reasoning is ***directly applicable*** to the present case as it is incompatible with the settled-expectations rule.

VirtaMove does not even try to explain how the settled-expectations rule can be squared with *Celgene* except to suggest that *Celgene* left room for the USPTO to consider age when deciding whether to institute IPR. VirtaMove-Br., 18. The settled-expectations rule, however, does not simply consider a patent's age; it finds that patentees at some point in time gain a settled expectation that their patents are immune from IPR. *Celgene* is explicit that such a finding—***as a matter of law***—is erroneous. The USPTO cannot consider a patent owner's non-existent settled expectations without violating *Celgene*'s reasoning.

### B. The settled-expectation rule is beyond the USPTO's statutory authority.

The Director's response to Google's argument that the settled-expectations rule exceeds the USPTO's statutory authority is simply to pound the table that the Director's discretion is unfettered. Director-Br., 20-23. For support, the Director principally cites *Heckler*. As explained *supra* pp. 12-13, however, *Heckler* identifies specific exceptions to the presumption that agency non-enforcement actions are unreviewable, Google explained why those exceptions apply in this case, and the Director ***had no response***.

Congress's deliberate choice to make *all* patents eligible for IPR nine months after their issuance "circumscrib[es]" the USPTO's "power to discriminate" among challenged patents based on their age. *Heckler*, 470 U.S. at 833; 35 U.S.C. § 311(c). The Director has some discretion to decide which patents will face IPR, but a patent's age is one factor the Director cannot consider because Congress took age off the table.

"Congress sets the policy, not the [Director]," and "policy disagreement" with Congress's decision to make all patents eligible for IPR "is not a lawful ground for the [Director] to decline to continue [] congressionally mandated" IPR proceedings against patents of a certain age. *In re Aiken Cnty.*, 725 F.3d 255, 260 (D.C. Cir. 2013). The Director's contrary view is an "abdication of statutory responsibilities" that can (and should) be reviewed by this Court. *Heckler*, 470 U.S. at 833 n.4.

VirtaMove makes arguments mirroring the Director's (incorrect) claim of unfettered discretion. VirtaMove-Br., 22-25. VirtaMove also says Google has not identified "a single provision of the AIA…that prohibits the agency's action here." VirtaMove-Br., 22. 35 U.S.C. § 311(c) is one such provision that Google identified. Petition, 31-35. VirtaMove also notes that some older patents have been subject to IPR despite the settled-expectations rule. VirtaMove-Br., 24 n.5. There can be no dispute, however, that the presumption now is that older patents are immune from IPR, and only exceptional circumstances can overcome that agency-crafted

presumption.  *E.g.*, Amici Brief for US*MADE, 33-35 (Fed. Cir. Nov. 24, 2025).

This defies Congress's policy and is beyond the agency's statutory authority.

### C.    Google's separation-of-powers argument is a constitutional claim.

Citing *Dalton*, the Director and VirtaMove argue that Google's separation-of-powers argument is not an admittedly-reviewable constitutional claim, but rather an allegedly-unreviewable statutory claim.  Director-Br., 19; VirtaMove-Br., 2, 15-16.  Yet, *Dalton* involves "claims **simply** alleging that the President has exceeded his statutory authority." *Dalton v. Specter*, 511 U.S. 462, 473 (1994).

Google's separation-of-powers argument does not simply allege that the USPTO exceeded its statutory authority.  Rather, Google argued that the new settled-expectations rule imposes an agency-crafted time constraint barring IPRs that otherwise comply with the lone timing period specified by Congress.  Petition, 34-35; 35 U.S.C. § 311(c).  Where Congress speaks on the timeliness of an action, the Supreme Court has made it clear that the other branches of government cannot impose additional timing constraints without violating separation-of-powers principles. *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods. LLC*, 580 U.S. 328, 334-35 (2017).

This Court's rejection of a separation-of-powers argument in *Cambridge* is immaterial.  2025 WL 3526129, at *2 n.1.  Unlike Google, the *Cambridge* petitioner

did not ground its separation-of-powers argument on *SCA* and the unique context of an agency intruding upon Congress-prescribed timeliness standards.

## III.  Google has no other adequate means to obtain relief.

The Director and VirtaMove contend that Google has other avenues for relief, namely reexamination or district-court litigation.  Director-Br., 23-24; VirtaMove-Br., 26-27.  But they focus on the wrong relief—Google does not seek an order invalidating VirtaMove's patent; Google seeks an order that the USPTO must comply with the law when deciding which patents are eligible for IPR.

Obviously, Google believes the challenged claims are unpatentable; but eventually proving unpatentability is ancillary to the relief Google seeks before this Court.  Google wants the USPTO to administer the AIA in accordance with the law and as Congress intended.  That relief can be obtained nowhere else.

Even if invalidation were the right relief to consider, IPR provides Google with relief not available in other proceedings.  For example, a decision canceling the challenged claims would trigger patent-owner estoppel.  37 C.F.R. § 42.73(d)(3).  Such valuable estoppel is not available in district court or via reexamination.

## IV.  Mandamus relief is appropriate.

The Director says Google is asking this Court to substitute the USPTO's policy choices with Google's preferred policies.  Director-Br., 25.  But it is not Google's policy that Google asks this Court to enforce, but rather the policy

directives of **Congress**. It was Congress, not Google, that elected not to impose a limit on how *late* in its term a patent can be challenged. Google is asking for the USPTO not to adopt Google's policy but rather to respect the policy decision that Congress already made.

Likewise, it was this Court in *Celgene*, not Google, that made clear that patentees have no settled expectation that their patents are ever immune from IPR. Again, Google is asking not for its preferred policies to govern, but rather that the law of this Court should govern.

The Director's concern about political accountability is misplaced. Director-Br., 26. The APA ensures that "agencies are accountable to the public." *DHS v. Regents of Univ. of Cal.*, 591 U.S. 1, 16 (2020) (citation omitted). Shielding the Director's decisions from judicial review makes the USPTO *less* accountable, which is especially concerning given that issuing patents "takes from the public rights of immense value." *Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 584 U.S. 325, 335 (2018).

## CONCLUSION

The Court should direct the USPTO to reconsider institution without regard to the challenged patent's age.

Respectfully submitted,

Date: December 22, 2025

*/s/ Nathan R. Speed*
Nathan R. Speed

WOLF, GREENFIELD & SACKS, P.C.

*Counsel for Petitioner*

# CERTIFICATE OF COMPLIANCE

I, Nathan R. Speed, counsel for Petitioner, certify that the foregoing petition complies with the type-volume limitation set forth in Fed. R. App. P. 32(a)(7)(b) and Fed. Cir. Rule 32(a). Specifically, this petition contains 3,896 words (excluding the parts of the brief exempted by Fed. R. App. 32(a)(7)(B)(iii) and Fed. Cir. R. 32(b)) as determined by the word count feature of the word processing program used to create this brief.

I further certify that the foregoing petition complies with the typeface requirements set forth in Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6). Specifically, this petition has been prepared using a proportionally spaced typeface using Microsoft Word 2010, in 14-point Times New Roman font.

Date: December 22, 2025

*/s/ Nathan R. Speed*
Nathan R. Speed
WOLF GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646
nspeed@wolfgreenfield.com

*Counsel for Petitioner*

## CERTIFICATE OF SERVICE AND FILING

I hereby certify that a true and correct copy of the foregoing **Reply in Support of Petition for a Writ of Mandamus** has been electronically filed with the Clerk of Court on December 22, 2025 using the CM/ECF system. All counsel of record were electronically served by and through the Court's CM/ECF filing system per Fed. R. App. P. 25 and Fed. Cir. R. 25(e).

Date: December 22, 2025

/s/ Nathan R. Speed
Nathan R. Speed
WOLF GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Fax: (617) 646-8646
nspeed@wolfgreenfield.com

*Counsel for Petitioner*