**No. 26-111**

United States Court of Appeals
for the Federal Circuit

In re Google LLC,
*Petitioner.*

On Petition for a Writ of Mandamus to the United States Patent
and Trademark Office in IPR2025-00487 and -00488

**BRIEF OF US\*MADE, THE NATIONAL RETAIL FEDERATION, THE HIGH TECH INVENTORS ALLIANCE, THE ALLIANCE FOR AUTOMOTIVE INNOVATION, THE COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION, ACT|THE APP ASSOCIATION, THE SOFTWARE & INFORMATION INDUSTRY ASSOCIATION, AND UNIFIED PATENTS, LLC, IN SUPPORT OF GOOGLE AND THE PETITION FOR RELIEF**

Joseph Matal
CLEAR IP, LLC
888 16th St., NW
Suite 300
Washington, DC 20006
(202) 654-4500
Joseph.Matal@clearpatents.com

*Counsel for Amici Curiae*

November 24, 2025

i

# CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rules 29(a) and 47.4, counsel for amici certifies that:

7. The full names of the parties that I represent are the US Manufacturers Association for Development and Enterprise, the National Retail Federation, the High Tech Inventors Alliance, the Alliance for Automotive Innovation, the Computer & Communications Industry Association, ACT|The App Association, the Software & Information Industry Association, and Unified Patents, LLC

8. There are no real parties in interest of parties that I represent

9. There are no parent corporations or publicly held companies that own ten percent or more of the stock of the parties that I represent

10. No other law firms, partners, or associates who have not entered an appearance in this appeal either appeared for the parties that I represent in the originating court or are expected to so appear in this Court

11. I do not know of any case in this or any other court or agency that will directly affect or be directly affected by this Court's decision in this case

12. No disclosure regarding organizational victims in criminal cases or debtors or trustees in bankruptcy cases is required under Fed. R. App. P. 26.1(b) or (c).

November 24, 2025                    /s/ *Joseph Matal*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES......................................................................ii

INTEREST OF AMICI CURIAE................................................. iv

A NOTE ON BRIEFING................................................................ 1

ARGUMENT ............................................................................... 2

    I.   The USPTO's new "settled expectations" rule is irrational.
        .................................................................................. 2

    II.  The USPTO's adherence to the AIA's statutory framework is not optional............................................................ 8

    III. This Court should require the USPTO to explain its institution decisions and comply with its PTAB regulations. ....................................................... 13

CONCLUSION.................................................................... 17

# TABLE OF AUTHORITIES

**Cases**

*Allgenesis Biotherapeutics Inc. v. Cloudbreak Therapeutics*, LLC, 85 F.4th 1377 (Fed. Cir. 2023) .................................................... 7

*Apple Inc. v. Qualcomm* Inc., 992 F.3d 1378 (Fed. Cir. 2021) .......... 7

*Argentum Pharms. LLC v. Novartis Pharmaceuticals Corp.*, 956 F.3d 1374 (Fed. Cir. 2020) ....................................................... 7

*Armour v. City of Indianapolis, Ind.*, 566 U.S. 673 (2012) .............. 8

*Butz v. Economou*, 438 U.S. 478 (1978) ....................................16

*Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402 (1971) ........................................................................ 10, 11, 12, 13

*General Electric v. United Techs.,* 928 F.3d 1349 (Fed. Cir. 2019) ... 7

*In re Nuvasive, Inc.*, 842 F.3d 1376 (Fed. Cir. 2016) .....................14

*In re Sang Su Lee*, 277 F.3d 1338 (Fed. Cir. 2002) .......................14

*Incyte Corp. v. Sun Pharm. Indus.*, Inc., 136 F.4th 1096 (Fed. Cir. 2025) ..................................................................... 7

*Lincoln v. Vigil*, 508 U.S. 182 (1993) ....................................10, 11

*Pfizer Inc. v. Chugai Pharm. Co.*, Ltd., 812 F. App'x 979 (Fed. Cir. Apr. 27, 2020) .................................................................. 7

*Thryv, Inc. v. Click-to-Call Techs., LP*, 590 U.S. 45 (2020)...........9, 12

*United States v. Skrmetti*, 145 S.Ct. 1816 (Jun. 18, 2025) .............. 7

*Vance v. Bradley*, 440 U.S. 93 (1979) ......................................... 8

**Statutes and Regulations**

35 U.S.C. § 311(a)........................................................... 6

35 U.S.C. § 314................................................................ 9

35 U.S.C. § 314(d) ............................................................................12

35 U.S.C. § 316(b) ............................................................................ 7

35 U.S.C. § 321(a) ............................................................................ 6

37 C.F.R. § 42.108 ............................................................................14

***Other Authorities***

Director Institution of AIA Trial Proceedings, October 17, 2025 .....14

Gene Quinn, "Stewart Says USPTO Wants Early Validity
  Challenges, Not Late IPRs," IPWatchdog, Jun. 10, 2025 .............. 2

RPX, "The Overlap Between Patents Asserted in District Court and
  Challenged at the PTAB," Jun. 1, 2023 ..................................... 5

Rules Governing Pre-Issuance Internal Circulation and Review of
  Decisions Within the Patent Trial and Appeal Board, 89 Fed. Reg.
  49808 (Jun. 12, 2024) ..........................................................15

Ryan Davis, "Stewart Says New Patent Policies Aim to Bring
  Stability," Law360, Sep. 8, 2025 .............................................. 2

Ryan Davis, "Stewart Says New Policies Seek Fairness for Patent
  Owners," Law360, Sep. 15, 2025 ....................................2, 3, 13

United States Courts, "Judicial Facts and Figures: Civil Cases Filed,
  by Nature of Suit" ................................................................... 4

USPTO Brief in *In re Google,* No. 25-144 ................................10, 13

USPTO, "Patent Counts by Class by Year" ................................... 4

USPTO, "PTAB Trial Statistics: FY23 End of Year Outcome
  Roundup" ............................................................................... 4

## INTEREST OF AMICI CURIAE

The U.S. Manufacturers Association for Development and Enterprise is a nonprofit association representing companies manufacturing diverse goods in the United States.

The National Retail Federation is the world's largest retail trade association.

The Alliance for Automotive Innovation represents the full automotive industry, including the manufacturers producing most vehicles sold in the U.S. and equipment suppliers.

The High Tech Inventors Alliance represents leading technology providers and includes some of the most innovative companies in the world.

The Computer & Communications Industry Association is an international, not-for-profit trade association representing a broad cross section of communications and technology firms.

ACT | The App Association is a global policy trade association that represents entrepreneurs, innovators, and independent developers within the app ecosystem that engages with verticals across every industry.

The Software & Information Industry Association is the principal trade association for the software and digital information industries.

Unified Patents, LLC is a membership organization dedicated to deterring non-practicing entities, particularly patent assertion entities, from extracting nuisance settlements from operating companies based on likely-invalid patents.[1]

---

[1] No counsel for any party wrote any part of this brief. No party other than amici curiae's members contributed money that was intended to fund the preparation or submission of this brief. Although Google is a member of HTIA and CCIA, it did not participate in the decision to file this brief. This brief is accompanied by a motion seeking leave to file.

## A NOTE ON BRIEFING

This brief is substantially the same as the brief that amici filed in *In re Sandisk Technologies, Inc.*, No. 25-152, *In re Cambridge Industries USA Inc.*, No. 26-101, and *In re Maplebear Inc. d/b/a Instacart*, No. 26-105.

Amici note that between June 18, 2025, and October 17, 2025, the USPTO denied 201 petitions for *inter partes* review on the grounds of "settled expectations." *See* Addendum to this brief. On October 31, 2025, the USPTO switched to a practice of denying petitions for review without any explanation whatsoever. It has since issued 90 such summary denials. It is not possible to determine how many of these petitions were denied on grounds of "settled expectations."

**ARGUMENT**

## I. The USPTO's new "settled expectations" rule is irrational.

The USPTO's "settled expectations" rule effectively bars all PTAB validity review of a patent once it is six years old—and sometimes earlier.[2] The USPTO's leadership has stated that the rule is intended to compel "early challenges" to a patent, such as via a post-grant review or an *inter partes* review that is filed in the first few years of the life of the patent.[3]

Because the USPTO has applied this new rule retroactively, the Petitioner in this case could not possibly have complied with the rule. The Petitioner filed its PTAB petitions in January 2025. The "settled expectations" rule was subsequently announced in June

---

[2] *See* Ryan Davis, "Stewart Says New Patent Policies Aim to Bring Stability," Law360, Sep. 8, 2025 (noting that although "settled expectations have often been cited in denials when a patent was issued over six years ago, [that] . . 'does not mean that a patent owner cannot establish strong settled expectations on a younger patent.'") (quoting Acting Director Stewart); *see also Amazon.com, Inc. v. Audio Pod IP, LLC*, IPR2025-00768 (Aug. 14, 2025) (applying "settled expectations" to deny review of a patent that is less than five years old); *Alliance Laundry Sys., LLC v. PayRange LLC*, IPR2025-00950 (Sep. 19, 2025) (same).

[3] Ryan Davis, "Stewart Says New Policies Seek Fairness for Patent Owners," Law360, Sep. 15, 2025; Davis, *supra* n. 2; *see also* Gene Quinn, "Stewart Says USPTO Wants Early Validity Challenges, Not Late IPRs," IPWatchdog, Jun. 10, 2025.

2025.[4]  The asserted patent, however, was issued in 2009—and thus the "settled expectations" rule, even liberally interpreted, closed the window for review of this patent in 2015.

Let us suppose, however, that the "settled expectations" rule had been imposed years earlier and thus retroactivity were not a barrier to compliance.  How would "settled expectations" operate in practice?  Apparently the USPTO expects that makers of electronic transactions systems such as the Petitioner would monitor issued patents and published applications in their field, determine which of them might one day read on products that they may manufacture in the next decade and a half, and then file post-grant and early *inter partes* review challenges against those patents that they believe to be invalid.[5]

Let us further suppose that the only patents that may read on the Petitioner's products are those assigned the same classifications

---

[4] *See Dabico Airport Solutions Inc v. AXA Power ApS*, IPR2025-00408 (Jun. 18, 2025).  The patent at issue in *Dabico* was eight years old.  The agency appears to have first applied the "settled expectations" rule to a patent that is only six years old in *Amgen, Inc. v. Bristol-Meyers Squibb Co.*, IPR2025-00601, -00602 (Jul. 24, 2025).

[5] As the Secretary of Commerce has apparently stated, the new policy amounts to "speak now or forever hold your peace."  Davis, *supra* n. 3.

as would the patent at issue in this case.  U.S. Patent No. 7,519,814, which was challenged by the Petitioner in the proceedings below, was issued in 2009.  The patent belongs to USPC Class 709, "Electrical Computers and Digital Processing Systems: Multicomputer Data Transferring, and to Class 713, "Electrical Computers and Digital Processing Systems: Support."  In 2009, 5,941 patents were assigned a classification to Class 709, and 3,374 were assigned a classification to Class 713.[6]

In a typical year, about three times as many patent-infringement lawsuits are filed as there are PTAB petitions filed.[7] The correspondence between these numbers and the likelihood that an asserted patent will be challenged at the PTAB is not exact. Nevertheless, the best available data indicate that in the decade after the America Invents Act was enacted, the share of patents

---

[6] *See* USPTO, "Patent Counts by Class by Year," available at https://www.uspto.gov/web/offices/ac/ido/oeip/taf/cbcby.htm#PartA2.

[7] In fiscal year 2023, for example, 3259 patent infringement suits and 1239 PTAB petitions were filed.  *See* United States Courts, "Judicial Facts and Figures: Civil Cases Filed, by Nature of Suit," available at https://www.uscourts.gov/data-table-report-names/judicial-facts-and-figures; USPTO, "PTAB Trial Statistics: FY23 End of Year Outcome Roundup," available at https://www.uspto.gov/sites/default/files/documents/ptab_aia_fy2023_roundup.pdf.

asserted in court that were subsequently challenged at the PTAB was 28%.[8]

Under the USPTO's proposed reimagining of the post-issuance review system, the Petitioner would have been expected to review the 9,315 patents that issued in the field of its technology and decide which of them appear to be invalid as obvious. Assuming that the Petitioner identified PTAB-worthy challenges to these patents at the same rate as defendants do when patents are asserted in court, the Petitioner would then be expected to file 2,608 post-grant or early *inter partes* review challenges to these patents.

Notably, this analysis accounts for only two of the 475 USPC technology classes—and only one of the thousands of parties that are sued for patent infringement every year. Even assuming some level of coordination among potential defendants in the filing of petitions, one might nevertheless conservatively estimate that the USPTO's new "settled expectations" framework would require the

---

[8] *See* RPX, "The Overlap Between Patents Asserted in District Court and Challenged at the PTAB," Jun. 1, 2023, available at https://perma.cc/5YTN-3QQZ.

filing of almost 100,000 post-grant and *inter partes* review petitions each year.

The burden and expense of these filings is not the only disadvantage that potential defendants would face under the "settled expectations" framework. Because PTAB petitioners would be required to file their challenges within six years of the patent's issuance, in many cases they would be filing years before they make a product that potentially infringes the patent. Although PTAB proceedings themselves are available to any party that is "not the owner of [the] patent," 35 U.S.C. §§ 311(a), 321(a), a party must have Article III standing to appeal the outcome of a PTAB proceeding to this Court. For PTAB petitioners, standing generally requires concrete plans of future activity that creates a substantial risk of infringement; this Court has repeatedly dismissed appeals by petitioners who have not yet made substantial investments in an infringing product.[9]

---

[9] *See, e.g., Incyte Corp. v. Sun Pharm. Indus.*, Inc., 136 F.4th 1096 (Fed. Cir. 2025); *Allgenesis Biotherapeutics Inc. v. Cloudbreak Therapeutics*, LLC, 85 F.4th 1377 (Fed. Cir. 2023); *Apple Inc. v. Qualcomm* Inc., 992 F.3d 1378 (Fed. Cir. 2021); *Argentum Pharms. LLC v. Novartis Pharmaceuticals Corp.*, 956 F.3d 1374 (Fed. Cir. 2020); *General Electric v. United Techs.*, 928 F.3d 1349 (Fed. Cir.

The USPTO's new "settled expectations" framework effectively requires potential future defendants to file pre-emptive challenges to patents and obtain final patentability decisions from the agency for which they would be unable to seek any form of judicial review.

Amici submit that the USPTO's new "settled expectations" system is absurd. No rational governmental decisionmaker could have determined that such a rule serves the "efficient administration of the Office" or "the integrity of the patent system." 35 U.S.C. § 316(b).

All statutes and regulations are subject to rational-basis review—a rule must bear "a rational relation to some legitimate end." *United States v. Skrmetti*, 145 S.Ct. 1816, 1828 (Jun. 18, 2025). There must be at least "a plausible policy reason for the [rule's] classification." *Armour v. City of Indianapolis, Ind.*, 566 U.S. 673, 681 (2012). It must appear that "the legislative facts on which the [rule] is apparently based rationally may have been considered to be true by the governmental decisionmaker." *Id.*; *see also Vance v. Bradley*, 440 U.S. 93, 111 (1979) ("[A rule is irrational only if] the

---

2019); *Pfizer Inc. v. Chugai Pharm. Co.*, Ltd., 812 F. App'x 979 (Fed. Cir. Apr. 27, 2020).

legislative facts on which the [rule] is apparently based could not reasonably be conceived to be true by the governmental decisionmaker.")

No governmental decisionmaker could have "reasonably conceived to be true" that American businesses might file, and the USPTO would decide, nearly 100,000 PTAB petitions every year. Nor could businesses reasonably be expected to seek binding agency proceedings whose outcome they cannot appeal. The USPTO's "settled expectations" rule is fundamentally irrational.

## II. The USPTO's adherence to the AIA's statutory framework is not optional.

As the Petitioner notes, Congress enacted into law detailed criteria for instituting PTAB reviews. Petition at 29-31. Title 35 of the U.S. Code dictates the merits threshold for initiating proceedings; the timing of petitions in relation to district court litigation; coordination with different USPTO proceedings; rules for denial of "same art" petitions; and legislative estoppels. *See id.* The fact that the merits thresholds at 35 U.S.C. §§ 314(a) and 324(a) are stated in the negative simply reflects the fact that other statutory conditions may require denial of institution. *See id.* at 26; *see also Thryv, Inc. v. Click-to-Call Techs., LP*, 590 U.S. 45, 57 (2020) ("[E]very decision to

institute is made 'under' § 314 but must take account of specifications in other provisions.").

Nothing in the American Invents Act or its legislative history suggests that the AIA's statutory framework and conditions for institution of review are intended to be optional or merely advisory. Indeed, § 314—"the section housing the command to the Director to 'determine whether to institute,'" *Thryv*, 590 U.S. at 57—does not even use the word "discretion."

The USPTO nevertheless maintains that PTAB petitioners "have no entitlement to . . . any particular set of criteria the agency might use to [decide] . . . institution"—that the matter is "entirely within the Director's discretion." USPTO Brief in *In re Sandisk Techs.*, No. 25-152, at 3. The USPTO suggests that PTAB institution has been entirely "committed to discretion" by the statute itself. *Id.* at 17 n. 3.

It bears comparing the AIA's statutory framework to the types of statutes that the Supreme Court has determined *do* commit a matter entirely to an agency's discretion. The Court has held that when "statutes are drawn in such broad terms that in a given case there is no law to apply," *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 410 (1971) (citation omitted), "the statute can be taken to have committed the decisionmaking to agency's

9

judgement *absolutely*." *Lincoln v. Vigil*, 508 U.S. 182, 191 (1993) (emphasis added, citations omitted).

The statute at issue in *Lincoln v. Vigil* is illustrative. The plaintiffs in that case sought judicial review of the Indian Health Service's decision to reallocate resources from a regional health center to a nationwide program. The relevant statute authorized the Service to "'expend such moneys as Congress may from time to time appropriate, for the benefit, care, and assistance of the Indians,' for the "relief of distress and conservation of health.'" *Lincoln v. Vigil*, 508 U.S. at 185 (quoting 25 U.S.C. § 13). Congress appropriated a lump sum for the Service; the appropriation made no mention of any regional center. *See id.* at 187. The Supreme Court concluded that the Service's resource-reallocation decision was unreviewable. It held that when "Congress merely appropriates lump-sum amounts without statutorily restricting what can be done with those funds, a clear inference arises that it does not intend to impose legally binding restrictions." *Id.* at 192 (citations omitted).

By contrast, although *Citizens to Preserve Overton Park* also involved an appropriation, the Supreme Court there concluded that the statute did *not* commit all decisions "to agency discretion by law." 401 U.S. at 410. The act in question barred the use of funds to build

a highway through public parkland, unless "there is no feasible and prudent alternative to the use of such land." *Id.* at 411 (quoting 23 U.S.C. § 138). The Transportation Department argued that it necessarily had "wide discretion"—that the statute required a "wide-ranging balancing of competing interests," and the Secretary must "determine on the basis of the importance that he attaches to [various] factors whether, on balance, alternative feasible routes would be 'prudent.'" *Id.* The Supreme Court disagreed. It held that "[p]lainly, there is 'law to apply' and thus the exemption for action 'committed to agency discretion' is inapplicable." *Id.* at 413. The Court concluded that it was thus "required to determine whether the Secretary acted within the scope of his authority." *Id.* at 415.

Again, Congress enacted a detailed, reticulated scheme for PTAB trials and institution. This statutory framework is considerably more detailed than the statute at issue in *Citizens to Preserve Overton Park*, and it does not even employ vague and discretionary words such as "prudent." The AIA is not a statute that provides "no law to apply."

Thus while § 314(d)—the appeal bar—precludes review of "an ordinary dispute about the application of an institution-related statute," *Thryv*, 590 U.S. at 54, there is no reason for this Court to

11

extend non-reviewability beyond § 314(d)'s reach and such "ordinary disputes."

Nor can § 314(d) be interpreted to authorize a wholesale rewriting of the rest of the statute. Indeed, the notion that a detailed statutory scheme governing agency action is nevertheless entirely optional and can be modified at will by the agency is wholly alien to administrative law. Amici are unaware of any decision in the U.S. Reports that has ever interpreted a comparable statutory scheme to be merely advisory and discretionary. Precedents such as *Citizens to Preserve Overton Park*, 401 U.S. 402, are to the contrary.

Finally, the USPTO protests that requiring the agency to administer the AIA as written would "raise[] serious political-accountability concerns" and "hamstring the current Acting Director." USPTO Brief in No. 25-144, at 35-36. The USPTO overlooks, however, that the executive is not the only branch of government. Congress is charged with writing the laws and the courts with interpreting them. It is for Congress alone to determine whether the statutory authorization for PTAB review of patents should be repealed. Unless Congress does so, the USPTO's duty is to administer the system that Congress enacted.

### III. This Court should require the USPTO to explain its institution decisions and comply with its PTAB regulations.

Contemplating the possibility that mandamus relief may be granted with respect to the USPTO's new institution policies, agency officials have hinted that they "could just issue one-word decisions denying review without explanation." Davis, *supra* n. 3. And in a recent rule adopted by memo, the new Director has implemented this approach: he has indicated that he will personally decide whether to institute each of the 1,200 to 1,700 PTAB petitions that are filed each year, and if he "determines that institution is not appropriate, whether based on discretionary considerations, the merits, or other non-discretionary considerations, the Director will issue a summary notice denying institution."[10] The USPTO has since issued 90 summary denials of PTAB petitions.

To the extent that this Court concludes that the Director's decision to deny a post-grant or *inter partes* review petition is governed by any legal constraints, it should require the agency to explain its PTAB institution decisions. *See In re Sang Su Lee*, 277 F.3d 1338, 1342 (Fed. Cir. 2002) (requiring the agency tribunal to

---

[10] Director Institution of AIA Trial Proceedings, October 17, 2025, available at https://tinyurl.com/yvk64tut.

provide a "full and reasoned explanation of its decision" so that "judicial review [can] be meaningfully achieved"); *In re Nuvasive, Inc.*, 842 F.3d 1376, 1385 (Fed. Cir. 2016).

In addition, the Court should require the USPTO to follow its own regulations governing institution procedures. The USPTO has long had regulations in place that delegate at least the initial institution decision to a PTAB panel. *See* 37 C.F.R. § 42.108. In addition, in 2024, the USPTO promulgated regulations that prohibit agency political appointees and supervisory officials from interfering in PTAB adjudications that are pending before a panel.[11] These regulations were adopted in response to a Government Accountability Office investigation and report that found that USPTO officials had broadly interfered in PTAB decisionmaking in AIA cases, particularly with respect to institution decisions.[12] The report described a Star Chamber-like process in which administrative judges' decisions were

---

[11] *See* Rules Governing Pre-Issuance Internal Circulation and Review of Decisions Within the Patent Trial and Appeal Board, 89 Fed. Reg. 49808 (Jun. 12, 2024).

[12] *See* United States Government Accountability Office, Patent Trial and Appeal Board: Preliminary Observations on Oversight of Judicial Decision-Making, July 21, 2022, available at https://www.gao.gov/assets/gao-22-106121.pdf.

14

rewritten without their consent and without their even knowing who had rewritten them.[13]

Under these regulations, the Director can still make the ultimate decision as to institution or final merits of a PTAB proceeding, but only after the case has initially been decided by a panel.

These regulations protect important constitutional values. PTAB trial decisions are not ordinary agency actions—they are *adjudicative* decisions that address valuable property rights. Both patent owners and petitioners often have much at stake in these proceedings.

The Supreme Court has made clear its expectation that such administrative adjudications will be "structured so as to assure that the hearing examiner exercises his independent judgment on the evidence before him, free from pressures by the parties or other officials within the agency." *Butz v. Economou*, 438 U.S. 478, 513 (1978). The Court also has placed emphasis on the Administrative Procedure Act's guarantee that agency judges are "assigned to cases in rotation so far as is practicable." *Id.* at 514. Adherence to the

---

[13] *See id.* at 18.

15

existing regulations would also create a clear record that would allow the parties and the Court to determine whether the USPTO's actions with legal constraints.

**CONCLUSION**

The petition for relief should be granted.

Respectfully submitted,

/s/ *Joseph Matal*

Joseph Matal
CLEAR IP, LLC
888 16th St., NW
Suite 300
Washington, DC 20006
(202) 654-4500
Joseph.Matal@clearpatents.com

*Counsel for Amici Curiae*

Dated: November 24, 2025

# Addendum

The following are PTAB petitions that have been denied under the USPTO's "settled expectations" rule since that rule was announced on June 18, 2025. The total number of such petitions is 201. Of these petitions, 83 were also denied under the retroactive changes to the *Fintiv* rule.

*Micron Tech., Inc. v. Palisade Techs., LLP*, IPR2025-01008, -01009 (Oct. 17, 2025) (9 and 12 years); *Intel Corp. and Dell Techs. Inc. v. General Video, LLC*, IPR2025-01036, -01037, -01038, -01039 (Oct. 17, 2025) (7, 10, and 17 years); *Nissan Motor Co., Ltd. v. Longhorn Automotive Grp. LLC*, IPR2025-01089 (Oct. 17, 2025) (16 years; *Fintived* also); *Amazon.com, Inc. v. SoundClear Techs. LLC*, IPR2025-01067, -01080, -01096 (Oct. 17, 2025) (8 and 10 years); *Apple Inc. v. Advanced Coding Techs. LLC*, IPR2025-01070, -01158 (Oct. 17, 2025) (10 and 6 years); *Google LLC v. Cellular South, Inc.*, IPR2025-00875, -00976 (Oct. 17, 2025) (6 and 7 years); *Samsung Elecs. Co., Ltd v. W&Wsens Devices Inc.*, IPR2025-00995, -00996 (Oct. 17, 2025) (6 years; *Fintived* also); *Qualcomm Inc. v. Collabo Innovations, Inc.*, IPR2025-01015 (Oct. 10, 2025) (14 years); *Hisense USA Corp. v. VideoLabs, Inc.*, IPR2025-00880, -00881, -00882, -00883 (Oct. 10, 2025) (11 and 12 years); *Google LLC v. Advanced Coding Techs. LLC*, IPR2025-00998, 00999, -01000 (Oct. 10, 2025) (6, 7, and 13 years; *Fintived* also); *OmniVision Techs., Inc. v. RE Secured Networks, LLC*, IPR2025-01019 (Oct. 10, 2025) (20 years; expired); *Empower Clinic Services, L.L.C. (d/b/a Empower Pharmacy) v. Eli Lilly & Co.*, IPR2025-01024 (Oct. 10, 2025) (9 years); *Astera Mfg. Ltd. and Chauvet & Sons, LLC v. ElectraLED Inc.*, IPR2025-01022 (Oct. 10, 2025) (15 years); *United Microelectronics Corp. and UMC Group (USA) v. Advanced Integrated Circuit Process LLC*, IPR2025-01053, -01076, -01079, -01090, -01091, -01092, -01093 (Oct. 10, 2025) (10, 11, 12, 13, 14, and 16 years; *Fintived* also); *OnePlus Tech. (Shenzhen) Co., Ltd. v. Pantech Corp.*, IPR2025-00720, -00887, -00888 (Oct. 3, 2025) (8, 9, and 10 years); *FLSmidth Inc. v. Metso Finland Oy*, IPR2025-00985 (Oct. 3, 2025) (8 years); *Apple Inc. v. Advanced Coding Techs. LLC*, IPR2025-00983, -00984, -00991 (Oct. 3, 2025) (6, 7, and 13 years); *Treasure Garden, Inc. v. ATLeisure, LLC*, IPR2025-01005, -01006 (Oct. 3, 2025) (13 years); *Amazon.com, Inc. v. Audio Pod IP, LLC*, IPR2025-01003, -01041 (Oct. 3, 2025) (5 and 8 years); *Coretronic Corp. v. Maxell, Ltd.*, IPR2025-00941, -

00942 (Sep. 26, 2025) (7 and 8 years; *Fintived* also); *Maplebear Inc. d/b/a Instacart v. Fall Line Patents, LLC*, IPR2025-00958 (Sep. 26, 2025) (9 years; *Fintived* also); *Samsung Elecs. Co., Ltd. v. Headwater Rsch. LLC*, IPR2025-00932, -00963 (Sep. 26, 2025) (7 years; *Fintived* also); *Be Smarter, LLC and James Guerra v. Yonder, Inc.*, IPR2025-00970 (Sep. 26, 2025) (8 years; *Fintived* also); *L'Oréal USA, Inc. v. Brightex Bio-Photonics, LLC*, IPR2025-00971 (Sep. 26, 2025) (8 years); *Oracle Corp. v. VirtaMove Corp.*, IPR2025-00964, -00965, -00966, -00981, -00982, -01001, -01002 (Sep. 26, 2025) (14 years); *Toyota Motor Corp. v. AutoConnect Holdings LLC*, IPR2025-00890, -00891 (Sep. 19, 2025) (11 and 10 years); *Lenovo (United States) Inc. and Motorola Mobility LLC v. Collision Commc'ns, Inc.*, IPR2025-00927 (Sep. 19, 2025) (16 years; *Fintived* also); *Alliance Laundry Sys., LLC v. PayRange LLC*, IPR2025-00950 (Sep. 19, 2025) (4 years); *Koito Mfg. Co. Ltd. v. Longhorn Automotive Group LLC*, IPR2025-00955 (Sep. 19, 2025) (11 years; *Fintived* also); *Docker Inc. v. Intellectual Ventures II LLC*, IPR2025-00840 (Sep. 19, 2025) (12 years; *Fintived* also); *NVIDIA Corp. v. Neural AI, LLC*, IPR2025-00609, -00610 (Sep. 12, 2025) (11 and 10 years; *Fintived* also); *OnePlus Technology (Shenzhen) Co., Ltd. v. Pantech Corp.*, IPR2025-00783 (Sep. 12, 2025) (9 years); *Belden Inc. and PPC Broadband, Inc. v. CommScope, Inc. of North Carolina*, IPR2025-00833 (Sep. 12, 2025) (9 years); *Samsung Elecs. Co. Ltd. v. VB Assets, LLC*, IPR2025-00866, -00867, -00868, -00869 (Sep. 14, 2025) (10 years); *Kangxi Commc'ns Techs. v. Skyworks Sols. Canada, Inc.*, IPR2025-00912 (Sep. 12, 2025) (17 years); *Volkswagen Group of America, Inc., and Audi AG v. Longhorn Automotive Group LLC*, IPR2025-00925 (Sep. 12, 2025) (13 years); *Geotab Inc. v. Fractus, S.A.*, IPR2025-00928, -00929 (Sep. 12, 2025) (12 years); *NKT Photonics Inc. v. Omni Continuum LLC*, IPR2025-00839 (Sep. 4, 2025) (17 years); *TSMC v. Advanced Integrated Circuit Process LLC*, IPR2025-00828, -00829, -00830, -00831, -00832 (Sep. 3, 2025) (11 and 13 years; *Fintived* also); *JinkoSolar Co., Ltd. v. LONGi Green Energy Tech. Co. Ltd.*, IPR2025-00859 (Sep. 3, 2025) (10 years; *Fintived* also); *Advanced Micro Devices, Inc. v. Advanced Cluster Sys., Inc.*, IPR2025-00862, -00863 (Sep. 3, 2025) (6 years); *TSMC Ltd. and Apple Inc. v. Marlin Semiconductor Ltd.*, IPR2025-00848, -00864, -00865, -00879 (Sep. 3, 2025) (7, 9, and 10 years; *Fintived* also); *Yangtze Memory Techs. Co., Ltd. v. Micron Tech., Inc.*, IPR2025-00498, -00499, -00500, -00501 (Aug. 14, 2025) (6 and 10 years); *Samsung Elecs. Co., Ltd. v. Mobile Data Techs., LLC*, IPR2025-

00537, -00538, -00539, -00540, -00541, -00542, -00543, -00544 (Aug. 14, 2025) (8 and 10 years; *Fintived* also); *OnePlus Technology (Shenzhen) Co., Ltd. v. Pantech Corp.*, IPR2025-00637 (Aug. 14, 2025) (7 years); *Samsung Elecs. Co., Ltd. v. iCashe, Inc.*, IPR2025-00639, -00640, -00642, -00643, -00644 (Aug. 14, 2025) (8, 9, and 12 years; *Fintived* also); *Microsoft Corp. v. Dialect, LLC*, IPR2025-00655, -00656, -00657, -00658, -00659 (Aug. 14, 2025) (8, 9, 12, 13, and 15 years; *Fintived* also); *HS Hyosung Advanced Materials Corp. v. Kolon Industries, Inc.*, IPR2025-00662, -00663, -00664 (Aug. 14, 2025) (6, 7 and 9 years); *TSMC Ltd. v. Advanced Integrated Circuit Process LLC*, IPR2025-00682, -00683 (Aug. 14, 2025) (11 and 13 years; *Fintived* also); *DataDome S.A. v. Arkose Labs Holdings, Inc.*, IPR2025-00693, -00694 (Aug. 14, 2025); (17 and 10 years; *Fintived* also); *Microsoft Corp. v. TS-Optics Corp.*, IPR2025-00767 (Aug. 14, 2025) (17 years); *Amazon.com, Inc. v. Audio Pod IP, LLC*, IPR2025-00757, -00765, -00768, -00769, -00774, -00777 (Aug. 14, 2025); (4, 7, 9, and 11 years); *Samsung Elecs. Co., Ltd. v. GenghisComm Holdings, LLC*, IPR2025-00780, -00781 (Aug. 14, 2025) (6 and 8 years; *Fintived* also); *Intel Corp. v. Advanced Cluster Sys., Inc.*, IPR2025-00794, -00795 (Aug. 14, 2025) (6 years); *Google LLC v. SoundClear Techs. LLC*, IPR2025-00344, -00345 (Aug. 4, 2025) (10 years); *Transcend Information Inc. v. Truesight Communications LLC*, IPR2025-00723 (Aug. 4, 2025) (10 years; *Fintived* also); *NVIDIA Corp. v. Neural AI, LLC*, IPR2025-00606, -00608 (Jul. 31, 2025) (11 and 10 years; *Fintived* also); *TankLogix, LLC v. SitePro, Inc.*, IPR2025-00647, -00648, -00649 (Jul. 31, 2025) (7, 11, and 9 years); *SmartSky Networks LLC v. Gogo Business Aviation LLC*, IPR2025-00672 (Jul. 31, 2025) (7 years); *Kahoot! AS v. Interstellar Inc.*, IPR2025-00696 (Jul. 31, 2025) ) (6 years); *Dentsply Sirona Inc. v. Osseo Imaging, LLC*, IPR2025-00771, -00772, -00787 (Jul. 31, 2025) (23, 22, and 20 years; all expired); *BOE Technology Group Co., Ltd. v. Optronic Sciences LLC*, IPR2025-00238, -00239 (Jul. 29, 2025) (12 years; *Fintived* also); *Murata Manufacturing Co., LTD v. Georgia Tech Rsch. Corp.*, IPR2025-00383, -00384 (Jul. 29, 2025) (16 years); *Roche Diabetes Care, Inc. v. Trividia Health, Inc.*, IPR2025-00553 (Jul. 29, 2025) (13 years); *Amazon.com, Inc. v. KAIFI LLC*, IPR2025-00624, -00625, -00627 (Jul. 29, 2025) (14, 10, and 15 years; *Fintived* also); *T-Mobile USA, Inc., AT&T Mobility LLC, Cellco Partnership d/b/a/ Verizon Wireless, Ericsson Inc., and Nokia of America Corporation v. Smart RF, Inc.*, IP2025-00612, -00692, -00727 (Jul. 29, 2025); (14, 8, and 9 years;

3

*Fintived* also); *Amgen, Inc. v. Bristol-Meyers Squibb Co.*, IPR2025-00601, -00602 (Jul. 24, 2025) (6 and 7 years); *Gator Bio Inc. v. Sartorius Bioanalytical Instruments, Inc.*, IPR2025-00633 (Jul. 24, 2025) (11 years); *IBM Corp. v. Virtamove Corp.*, IPR2025-00591, -00599 (Jul. 17, 2025) (15 years; *Fintived* also); *Samsung Elecs. Co. Ltd. v. OS-New Horizon Personal Computing Solutions Ltd.*, IPR2025-00613 (Jul. 17, 2025) (12 years; *Fintived* also); *Kangxi Commc'n Techs. (Shanghai) Co., Ltd. v. Skyworks Sols., Inc.*, IPR2025-00372, -00373 (Jul. 16, 2025) (7 and 14 years; *Fintived* also); *Sandisk Techs., Inc. v. Polaris PowerLED Techs., LLC*, IPR2025-00515, -00516, -00517 (Jul. 16, 2025) (9 and 12 years); *Analog Devices, Inc. v. Number 14 B.V.*, IPR2025-00550, -00551 (Jul. 16, 2025) (14 years); *Kingston Tech. Co., Inc. v. Vervain, LLC*, IPR2025-00614, -00616 (Jul. 16, 2025); (10 years; *Fintived* also); *Amazon.com, Inc. v. Virtamove Corp.*, IPR2025-00561, -00563, -00566 (Jul. 11, 2025) (14 years); *Google LLC v. Virtamove Corp.*, IPR2025-00487, -00488, -00489, -00490 (Jul. 11, 2025) (14 years); *SAP America, Inc. v. Valtrus Innovations Ltd.*, IPR2025-00414, -00415, -00416, -00417, -00418, -00420 (Jul. 10, 2025) (17 and 20 years); *Coretronic Corp. v Maxell, Ltd.*, IPR2025-00474, -00476, -00477 (Jul. 10, 2025) (8, 12, and 15 years); *NXP USA, Inc. and Qualcomm Inc. v. Redstone Logics LLC*, IPR2025-00485 (Jul. 10, 2025) (12 years; *Fintived* also); *Samsung Elecs. Co. Ltd. v. Mobile Data Techs., LLC*, IPR2025-00535, -00536 (Jul. 10, 2025) (10 years; *Fintived* also); *Carvana, LLC v. IBM*, IPR2025-00564 (Jul. 10, 2025) (15 years); *Apotex Inc. v. Alkermes Pharma Ireland Ltd.*, IPR2025-00514 (Jul. 2, 2025) (14 years); *Samsung Elecs. Co., Ltd. v. Sinotechnix LLC*, IPR2025-00331, -00333, -00335, -00336 (Jul. 2, 2025) (10 years; *Fintived* also); *Cambridge Industries USA Inc. v. Applied Optoelectronics Inc.*, IPR2025-00433, -00435 (Jun. 27, 2025) (7 and 9 years); *Sig Sauer Inc v. Lone Star Future Weapons Inc.*, IPR2025-00410 (Jun. 26, 2025) (10 years); *Intel Corp v. Proxense LLC*, IPR2025-00327, -00328, -00329 (Jun. 26, 2025) (9 years); *Dabico Airport Solutions Inc v. AXA Power ApS*, IPR2025-00408 (Jun. 18, 2025) (8 years).

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned counsel for amici curiae certifies that this brief:

(3)   complies with the type-volume limitation of Federal Rule of Appellate Procedure 29(b)(5) and Federal Circuit Rule 21(e) because it contains 3,218 words, including footnotes and excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b); and

(4)   complies with the typeface and style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because this document has been prepared using Microsoft Office Word and is set in the Bookman Old Style font in a size equivalent to 14 points or larger.

Dated:  November 24, 2025                    /s/ *Joseph Matal*